WESTLAND PARK APARTMENTS v RICCO, INCORPORATED

OPINION OF THE COURT

1. GARNISHMENT—PLEADING—DISCLOSURE OF INDEBTEDNESS—COUN-
   TERCLAIMS—MOTIONS FOR JUDGMENT.

   A bank's disclosure under a writ of garnishment of its indebted-
   ness to a depositor constitutes a responsive pleading to the
   garnishment action; counterclaims by the bank against the
   indebtedness must be filed with this responsive pleading or
   they are untimely and improper.

DISSENT BY W. F. HOOD, J.

2. BANKS AND BANKING—BANK CUSTOMERS—ASSIGNMENT OF DEPOSIT
   —CONSENT JUDGMENTS—SETOFFS.

   *A bank has a right of setoff against all monies, notes and funds of
   a customer in its possession, for any indebtedness of a customer
   which is due and unpaid; this right of setoff accrues to the bank
   against the assignee of a bank account the instant the funds
   become transferable to the assignee.*

3. BANKS AND BANKING—BANK CUSTOMERS—SETOFFS—DEFENSES—
   COUNTERCLAIM.

   *A bank's right of setoff against a customer's funds for indebted-
   ness due and unpaid can be exercised without notice or demand
   and, consequently, without first having obtained judgment or
   filing suit or counterclaim; it may simply be asserted as a
   defense to an action by the depositor against the bank.*

4. CONSTITUTIONAL LAW—DUE PROCESS—BANKS AND BANKING—SET-
   OFFS.

   *A bank's right of setoff is a private, self-help procedure; it does
   not involve state action.*

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 6 Am Jur 2d, Attachment and Garnishment, § 372 *et seq.*
[2–4] 10 Am Jur 2d, Banks §§ 666–682.
[5] 20 Am Jur 2d, Counterclaim, Recoupment and Setoff § 143.

5. PLEADING—DEFENSES—COUNTERCLAIMS—MISTAKEN DESIGNATION—
   COURTS.
   *A court, where justice so requires, shall treat a defense which
   was mistakenly designated as a counterclaim as if it had been
   properly designated.*

Appeal from Wayne, Neal Fitzgerald, J. Submitted March 1, 1977, at Detroit. (Docket No. 27041.) Decided June 14, 1977.

Complaint by Westland Park Apartments against Ricco, Incorporated, and Joe A. Rickard for monies due and owing. A writ of garnishment against funds owed to defendants was issued and directed to garnishee defendant, Manufacturers National Bank of Detroit. A consent judgment was granted to plaintiffs against the principal defendants and was presented to the garnishee defendant bank with an order directing the payment of funds. Manufacturers Bank refused to surrender the funds and plaintiffs moved for judgment against the bank. A counterclaim against the funds and affirmative defenses were entered by Manufacturers Bank. Accelerated judgment for plaintiffs. Defendant bank appeals. Affirmed.

*Weiner & Hauser,* for plaintiff.

*Michael R. Main* and *Michael D. Boutell,* for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and W. F. HOOD,* JJ.

PER CURIAM. Plaintiffs commenced an action in July of 1972, against defendants Ricco, Inc., and Joe A. Rickard. Pursuant to that action a writ of garnishment was issued by the trial court and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

directed to Manufacturers National Bank of Detroit, garnishee defendant. The garnishee defendant disclosed indebtedness to both defendants. At the time of such disclosure, the garnishee defendant took no action to claim setoff against either the principal defendants or the principal plaintiffs.

On August 27, 1975, a judgment by consent for plaintiffs was entered by the trial court against the principal defendants. The judgment was duly presented to the garnishee defendant on August 27, 1975. The garnishee defendant refused to honor the order directing payment of the funds. On August 28, 1975, plaintiffs filed a motion for judgment against the garnishee defendant. The garnishee defendant then filed its reply to the motion for judgment against the garnishee defendant and included affirmative defenses and a counterclaim. The counterclaim sought to have an unliquidated indebtedness, promissory notes alleged to be overdue owing from plaintiffs to the garnishee defendant, set off against the garnishee defendant's liability to pay plaintiffs the garnisheed funds.

After a hearing the trial court entered a judgment against the garnishee defendant directing it to pay plaintiffs the garnisheed funds in accordance with the August 27, 1975, judgment for plaintiffs. The court also by order struck the counterclaim. The court also refused the garnishee defendant's motion to amend judgment or to stay execution pending the outcome of the counterclaim. The garnishee defendant appeals as of right.

The garnishee defendant asserts a novel question herein, namely, whether a garnishee defendant can join an unliquidated claim against the *plaintiff* in a garnishment action and therefore delay transfer of the garnisheed funds until after

adjudication of the counterclaim. This question apparently has not been faced, or at least not considered, by Michigan courts. However, we need not decide whether the counterclaim asserted herein by the garnishee defendant may be a proper one for a joinder under GCR 1963, 203.2.[1] GCR 1963, 111.2 provides that counterclaims are to be filed with the responsive pleading. Michigan civil procedure further provides that the disclosure of the garnishee defendant shall constitute a responsive pleading, therefore, defendant has failed to properly assert its counterclaim. GCR 1963, 738.11(1), *Clark v Hacker,* 345 Mich 751; 76 NW2d 806 (1956).

The garnishee defendant filed two disclosures, yet failed to assert its counterclaim until after the plaintiffs moved for judgment against the garnishee defendant, pursuant to GCR 1963, 738.11(2). The trial court did not abuse its discretion by refusing to allow the garnishee defendant to file its counterclaim at this point in the proceedings. *Vermont Mutual Insurance Co v Dalzell,* 52 Mich

---

[1] At first glance it may seem that an unrelated counterclaim could not be asserted by the garnishee defendant against the plaintiffs. It is a fundamental principle that garnishment proceedings are not in the ordinary course of law, as they involve matters which would not otherwise be considered either at law or in equity. *Blake v Hubbard,* 45 Mich 1; 7 NW 204 (1880). Garnishment proceedings are entirely creatures of statute and are to be strictly construed. *Hosner v Brown,* 40 Mich App 515; 199 NW2d 295 (1972), *Carr v National Discount Corp,* 320 Mich 192; 30 NW2d 832 (1948). Michigan courts have further held' that a garnishment proceeding is ancillary to an action against the principal defendant and wholly dependent thereon and is not the commencement of an independent action. *Stevens v Northway,* 293 Mich 31; 291 NW 211 (1940). However, Michigan laws concerning joinder have recently been revised and significantly liberalized. *See* GCR 1963, 203.2, 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 473–480, especially p 479 where it is said: Sub-rule 203.2 permits *unrestricted* joinder of *all* claims, either legal or equitable, which the parties have against each other, even though the claims are entirely unrelated in such matter." (Emphasis supplied.) *See also,* Committee Notes to GCR 203 at 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 471–473.

App 686; 218 NW2d 52 (1974), *lv den* 392 Mich 803 (1974).

Affirmed.

W. F. HOOD, J. *(dissenting).* I respectfully dissent. If the bank's claim against the plaintiff was for a tort or general breach of contract, I would concur with the majority opinion. Any such unliquidated claim would have to be established by separate suit or by counterclaim; and I agree that a counterclaim, at least at this state of the proceedings, was improper.

The bank's claim, however, was for the amount past due on promissory notes. According to 3 Callaghan's Michigan Civil Jurisprudence (2d ed), § 117, pp 282-283:

"The general rule is that a bank has a lien on all moneys, notes and funds of a customer in its possession, for any indebtedness of the customer to the bank which is due and unpaid."

The bank's right is more accurately termed a right of setoff than a lien. 10 Am Jur 2d, Banks, § 666, pp 635, 636. Whether termed a lien or right of setoff, I do not perceive any reason of policy or rule of law that would prevent such right from accruing to the bank the instant plaintiff Westland became the owner by reason of the consent judgment of the defendant's bank account. A bank account may be transferred or assigned. 10 Am Jur 2d, Banks, § 354, pp 316–317. The consent judgment operated as an assignment.

A bank's right of setoff or lien can be exercised without notice or demand and, consequently, without first having obtained judgment or filing suit or counterclaim. The setoff may be asserted simply as a defense, albeit an affirmative defense, to an

action by the depositor against the bank in the
same manner that the defense of payment is as-
serted in any action on a debt. Westland's motion
for judgment against the bank in this case was in
the nature of an action on the debt.

Since the exercise by the bank of the right of
lien or setoff is a private, self-help procedure, not
state action, it is not barred by application of the
principle of *Sniadach v Family Finance Corpora-
tion of Bay View,* 395 US 337; 89 S Ct 1820; 23 L
Ed 2d 349 (1969). There is an annotation on this
point at 65 ALR3d 1284, Anno, *Post-Sniadach
Status of Banker's Right to Set Off Bank's Claim
Against Depositor's Funds.*

It is true that the bank originally asserted its
claim on the notes only as a counterclaim, and not
as a defense to plaintiff's motion for judgment. It
appears, however, that the briefs of both parties
filed with the trial court in connection with the
motion for judgment touched upon the issue of the
bank's right of setoff as a defense to the motion.
Immediately after plaintiff's motion for judgment
was granted, the bank filed a motion to amend the
judgment to allow the setoff. This latter motion
more clearly raised the issue of the right of the
bank to assert the setoff as a defense to plaintiff's
claim on the account. The bank has appealed from
the denial of that motion. Thus, I feel the issue
was both raised and preserved as to whether the
bank's right of setoff may be asserted not as a
counterclaim, but as a defense to plaintiff's motion
for judgment against the bank. Moreover, GCR
1963, 111.7 provides in pertinent part:

"When a party has mistakenly designated a defense
as a counterclaim * * * the court on terms, if justice so
requires, shall treat the pleading as if there had been a
proper designation."

I would remand this case to the circuit court to determine whether the bank did indeed have a claim against the plaintiff on unpaid notes past due at the time the consent judgment transferred to the plaintiff ownership of the bank account. In the event such is determined to be the fact, then to the extent thereof the bank had the right to set off its claim simply as a defense to the plaintiff's motion for judgment. If the setoff exhausted the bank account, Westland is not entitled to a judgment in any amount against the bank.