BURGESS v AMERICAN FIDELITY FIRE INSURANCE CO

Docket No. 45557. Submitted October 14, 1980, at Detroit.—Decided July 8, 1981.

Linda Burgess was injured in an automobile accident when her vehicle was struck by a vehicle owned and operated by Augustus Duncan. At the time of the accident, Duncan was insured by American Fidelity Fire Insurance Company. Subsequently, Burgess obtained a default judgment against Duncan because Duncan failed to appear or answer the complaint that she had filed against him within the prescribed period of time. Thereafter, Burgess filed a garnishment action against American Fidelity in Common Pleas Court. American Fidelity filed a disclosure admitting that a policy of insurance with Duncan was in effect on the date of the accident but denied liability under the terms of the policy due to an alleged failure to receive timely and proper notice of the suit against Duncan. The Common Pleas Court, John Cozart, J., ruled in favor of Burgess and granted a judgment against American Fidelity. Subsequently, American Fidelity appealed the decision to the Wayne Circuit Court wherein Harold Hood, J., entered an order affirming the decision of the Common Pleas Court. The defendant appeals by leave granted. *Held:*

The trial court's findings were not clearly erroneous. The defendant may or may not have been prejudiced by having been deprived of an opportunity to defend. However, even if the defendant were prejudiced, such prejudice was not attributable in its ultimate sense to the insured's failure to give notice of suit but rather to American Fidelity's failure to act upon receiving notice. Had defendant, upon receiving notice of the entry of the default judgment, interceded promptly and prop-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur 2d, Attachment and Garnishment §§ 344, 345.
    44 Am Jur 2d, Insurance §§ 1455, 1461.
[3] 44 Am Jur 2d, Insurance § 1463.
    Failure of liability insurer, after notification, to defend suit against insured, as warranting opening default against insured on grounds of inadvertance or excusable neglect. 87 ALR2d 870.
[4] 4 Am Jur 2d, Appeal and Error § 76.

erly on behalf of the insured to set aside the judgment a different situation would exist.

Affirmed.

1. INSURANCE — GARNISHMENT — NOTICE.

An insurer's lack of notice of a law suit against its insured is no defense to a garnishment action seeking recovery of insurance policy proceeds to satisfy a default judgment against the insured unless the insurer can show prejudice from the lack of notice of suit, and it is incumbent upon the insurer to sustain the burden of proof as to such prejudice.

2. INSURANCE — NOTICE — FORFEITURE.

A mere delay in an insured's giving the required notice under an insurance policy to an insurer of a law suit filed against the insured does not work a forfeiture because such provisions are construed to require notice within a reasonable time.

3. INSURANCE — NOTICE.

Prejudice to the insurer is a material element in determining whether notice is reasonably given to an insurer regarding a law suit filed against the insured; an insurer may not claim prejudice from lack of notice of suit where, when ultimately notified, it did not promptly act to protect the interests of itself or its insured.

4. APPEAL — FINDINGS OF FACT — COURT RULES.

A trial court's finding of fact will not be set aside unless it is clearly erroneous; a finding is clearly erroneous where although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

*Gerald David White & Associates,* for plaintiff.

*Blum, Brady, Fischel & Rosenberg,* for defendant.

Before: BRONSON, P.J., and D. E. HOLBROOK, JR., and R. M. RANSOM,* JJ.

R. M. RANSOM, J. This matter is before the Court on leave granted to appeal from an order of the

* Circuit judge, sitting on the Court of Appeals by assignment.

Circuit Court affirming a Common Pleas judgment in favor of plaintiff in a garnishment action.

## FACTS

On May 25, 1975, plaintiff was involved in an automobile accident when her vehicle was struck by a vehicle owned and operated by Augustus Thomas Duncan. At the time of the accident, Mr. Duncan carried automobile insurance with American Fidelity Fire Insurance Company.

Plaintiff's attorney discussed the claim with defendant insurance carrier on several occasions prior to commencement of suit.

On February 16, 1977, plaintiff commenced an action in Common Pleas Court against defendant Duncan and subsequently took a default judgment when defendant Duncan failed to appear. After receiving testimony as to damages, a judgment was entered on June 17, 1977, in favor of plaintiff for $10,000.

On August 31, 1977, plaintiff's attorney mailed a copy of the default judgment to defendant insurance company.

On November 4, 1977, a motion was filed by counsel on behalf of defendant Duncan to set aside the default judgment which motion was denied on November 16, 1977. Subsequently, a motion for rehearing was filed by defendant on March 13, 1978, which was denied on March 28, 1978.

Plaintiff commenced this garnishment action against defendant American Fidelity Fire Insurance Company. Defendant filed a disclosure admitting a policy of insurance was in effect on the date of the accident but denied liability under the terms of the policy due to alleged failure to receive timely and proper notice of the suit.

The insurance policy in question provides under "CONDITIONS":

"2. Notice of Claim or Suit—Coverages A and B: If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

Following a trial on the merits, judgment was rendered in favor of plaintiff. It is from that judgment that this appeal arises.

## DISCUSSION

Lack of notice of suit by an insured to his insurer is no defense to a garnishment seeking recovery of insurance policy proceeds to satisfy a default judgment unless the insurer can show prejudice from the lack of notice of suit. It is incumbent upon the insurer to sustain the burden of proof as to such prejudice. *Kennedy v Dashner,* 319 Mich 491, 493-494; 30 NW2d 46 (1947), *Weller v Cummins,* 330 Mich 286, 291-293; 47 NW2d 612 (1951), *Wendel v Swanberg,* 384 Mich 468, 478; 185 NW2d 348 (1971), *Bibb v Dairyland Ins Co,* 44 Mich App 440, 443; 205 NW2d 495 (1973), *Kermans v Pendleton,* 62 Mich App 576, 581; 233 NW2d 658 (1975).

A mere delay in giving the required notice to an insurer under the policy does not work a forfeiture because such provisions are construed to require notice within a reasonable time. *Kennedy v Dashner, supra, Exo v Detroit Automobile Inter-Ins Exchange,* 259 Mich 578; 244 NW 241 (1932).

Prejudice to the insurer is a material element in determining whether notice is reasonably given.

*Wehner v Foster,* 331 Mich 113; 49 NW2d 87 (1951), *Weller v Cummins, supra.* The question of prejudice is one for the trier of fact. *Wendel v Swanberg, supra.*

Appellant validly complains that it received no notice of entry of the default judgment until it was too late to file a timely motion to set aside said judgment. However, it is also noted that no motion to set aside the default judgment was filed for more than two months after the insurance company received notice, at which time the trial court denied same on the grounds the motion was untimely, as well as defective. No relief was sought from that determination for four months when a motion for rehearing was filed and denied. No appeal was taken from that determination.

We do not know whether the motion to set aside the default judgment was defendant's action or action taken on behalf of the defendant upon direction of the insurance carrier. Resolution of that question is not necessary, however, since the insurance carrier either did nothing or did not pursue the same timely or properly after having received notice.

In most instances, the practical effect of a ruling in favor of the insurance carrier in a garnishment action leaves the injured plaintiff with an uncollectable judgment, while fairness also dictates that the insurance carrier must not be deprived of an opportunity to protect its interests where it has no notice. Erosion of rights of the insurance carrier adds to the costs of doing business. There exists a delicate balancing of these respective social interests.

Insurance companies are professionals in the arena of litigation. Hence, evolution of the concept that the insurance carrier must show prejudice

from the lack of notice of accident or suit before it will not be required to respond.

The insurance carrier will not be permitted to benefit by sitting idly by, knowing of the litigation, and watch its insured become prejudiced. See, *Wendel v Swanberg, supra.*

To have been deprived of an opportunity to defend, in the case at bar, may or may not have prejudiced the rights of the insurance carrier. We do not know that. If plaintiff's injury did not rise to the threshold level of serious impairment of body function the insurance carrier would have been prejudiced by its lack of an opportunity to defend.

Assuming that to be the case, such prejudice does not become material where the carrier, upon notice, does not act or properly act to protect its interest or that of its insured. Such prejudice was not attributable, in its ultimate sense, to the insured's failure to give notice of suit, but rather to the insurance carrier's failure to act upon receiving notice.

In this case, had defendant insurance carrier, upon receiving notice of the entry of the default judgment, interceded promptly and properly on behalf of its insured to set aside the judgment a different situation would exist.

The trial judge, in the case at bar, made determinations of fact on issues of prejudice and notice.

A trial court's finding of fact will not be set aside unless it is clearly erroneous. GCR 1963, 517.1. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the deninite and firm conviction that a mistake has been committed". *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976),

*National Car Rental v S & D Leasing, Inc,* 89 Mich App 364; 280 NW2d 529 (1979).

From a review of the record, we cannot say the trial court's findings were clearly erroneous. The trial court is affirmed.