HENDERSON v BIRON

Docket No. 67102. Submitted February 21, 1984, at Lansing.—Decided
November 5, 1984. Leave to appeal applied for.

Thomas A. Henderson was seriously injured in an automobile
accident. He filed suit against Randy Biron, Judy Biron, the
owner of the car Randy Biron was driving at the time of the
accident, and Back Seat Saloon Country Cousin, Inc., in Oak-
land Circuit Court, alleging that Back Seat Saloon had unlaw-
fully served liquor to Randy Biron and that the automobile
accident resulted from Randy Biron's consumption of the li-
quor. Defendants failed to respond to the allegations and a
default judgment was entered against them, William J. Beer, J.
Eight months later, plaintiff, having learned that Back Seat
Saloon was insured against dramshop liability by Stonewall
Insurance Company, commenced a garnishment action against
Stonewall in Oakland Circuit Court seeking to recover insur-
ance proceeds to satisfy the default judgment entered against
Back Seat Saloon. Stonewall argued that it first became aware
of the litigation growing out of the accident when it received
notice of the garnishment action, that the 2-1/2 year lapse
between the accident and the receipt of the garnishment notice
prevented it from investigating plaintiff's claim, and that, since
it was denied an opportunity in the earlier proceedings to
protect its interests, it should not be required to pay the
insurance proceeds. The court, Robert C. Anderson, J., dis-
missed the garnishment action, finding that Stonewall had been
materially prejudiced by the 2-1/2 year delay. Plaintiff appeals.
*Held:*

1. Stonewall's lack of notice of the original litigation may be
used as a defense to the garnishment action. The two-year

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 43 Am Jur 2d, Insurance § 717.
45 Am Jur 2d, Intoxicating Liquors § 593 *et seq.*
Coverage of policy insuring against liability under dramshop acts.
14 ALR3d 858.
[2] 5 Am Jur 2d, Appeal and Error § 839.

limitation period provision contained in the dramshop act applies to plaintiff's action against Stonewall.

2. The trial court's finding of prejudice was not clearly erroneous and will not be set aside.

Affirmed.

R. L. Borsos, J., dissented. He would hold that a lack-of-notice defense should not be applied in a case where the plaintiff seeks to recover insurance proceeds from a dramshop-liability insurer. He would reverse.

### Opinion of the Court

1. Insurance — Dramshop Liability — Garnishment — Defenses — Notice.

   A dramshop-liability insurer which can show it was prejudiced by the insured's failure to notify it of a lawsuit may use the lack of notice as a defense to a garnishment action seeking recovery of insurance proceeds to satisfy a default judgment.

2. Appeal — Findings of Fact — Prejudice.

   A trial court's finding of prejudice is a finding of fact and will not be set aside unless clearly erroneous; a finding of fact is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.

### Dissent by R. L. Borsos, J.

3. Insurance — Dramshop Liability — Garnishment — Defenses — Notice.

   The rule that a casualty-liability insurer may assert a lack-of-notice defense in a garnishment action should not be applied in a case where the plaintiff seeks to recover insurance proceeds from a dramshop-liability insurer.

*Otis M. Underwood, Jr.,* for plaintiff.

*Kaufman, Payton & Kallas* (by *Constantine N. Kallas),* for defendant.

Before: Bronson, P.J., and R. B. Burns and R. L. Borsos,* JJ.

R. B. Burns, J. Plaintiff commenced a garnish-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment action against Stonewall Insurance Company (Stonewall) on April 2, 1980, seeking to recover insurance proceeds to satisfy a default judgment entered against Back Seat Saloon Country Cousin, Inc. The circuit judge ruled as follows:

"This court finds that the garnishee defendant has been materially prejudiced by the delay of the 2-1/2 years following the incident and makes a finding of no liability in favor of garnishee defendant."

Plaintiff appeals from the order dismissing the garnishment action and we affirm.

In his November 30, 1978, complaint against Back Seat Saloon, plaintiff alleged that the bar had unlawfully served defendant Randy Biron liquor on November 30, 1977. As a result of his liquor consumption, Randy Biron was involved in an automobile accident. The accident seriously injured plaintiff. Judy Biron, the owner of the car driven by Randy Biron, was also named as a defendant. Because defendants failed to reply to plaintiff's allegations, the circuit court entered a default judgment on August 2, 1979. Stonewall became involved in the litigation after plaintiff discovered in March, 1980, that Back Seat Saloon was insured by Stonewall against dramshop liability.

Stonewall argued that the 2-1/2 year lapse between plaintiff's accident and the garnishment notice prevented Stonewall from investigating plaintiff's claim and that, since Stonewall was denied an opportunity to protect its interests, it should not be required to pay the insurance proceeds. Plaintiff's attorney agreed that Stonewall first became aware of the litigation when it received the garnishment notice. However, plaintiff's attorney argued that the purpose behind requiring

a liquor retailer to have insurance is to protect innocent parties and that such purpose would not be served by allowing Stonewall to escape liability, despite the fact that the Back Seat Saloon's failure to notify Stonewall prejudiced Stonewall.

If a casualty-liability insurer can show it was prejudiced by the insured's failure to notify the insurer of a lawsuit, the insurer may use the lack of notice as a defense to a garnishment action seeking recovery of insurance proceeds to satisfy a default judgment. *Wendel v Swanberg,* 384 Mich 468; 185 NW2d 348 (1971). Whether a similar rule applies to dramshop-liability insurers is a question of first impression in Michigan.

Michigan's dramshop act requires that a liquor retailer obtain a bond or insurance. MCL 436.22, 436.22a; MSA 18.993, 18.993(1). This requirement provides a person injured by the unlawful sale of liquor with a source of recovery. *Browder v International Fidelity Ins Co,* 413 Mich 603, 611-612; 321 NW2d 668 (1982). In order to further insure a stable source of recovery, an insurance company issuing a dramshop-liability policy cannot include any provision relieving it from liability for the payment of any claim for which the insured may be held legally liable under § 22 of the dramshop act. MCL 436.22f; MSA 18.993(6). However, we do not believe that the prohibition contained in § 22f precludes a dramshop-liability insurer from asserting a lack-of-notice defense.

Section 22 of the dramshop act, creating a cause of action against a liquor retailer and his or her bondsman, provides a two-year limitation period. This limitation period protects the person who did not commit the tort from stale claims which might be difficult to investigate. *Browder v International Fidelity Ins Co, supra,* p 614. Similarly, notice provisions in casualty insurance policies are en-

forced by the courts because these provisions allow an insurer to make a timely investigation in order to evaluate claims and to defend against fraudulent, invalid or excessive claims. *Kermans v Pendleton,* 62 Mich App 576; 233 NW2d 658 (1975). We can think of no reason why a dramshop-liability insurer should not be accorded the same protection from stale claims given dramshop bondsmen and casualty-liability insurers. Nor is such a protection unfair to plaintiff, since the insurance company still would have the burden of proving it was prejudiced by the insured's failure to notify it of the lawsuit. *Burgess v American Fidelity Fire Ins Co,* 107 Mich App 625; 310 NW2d 23 (1981).

Next, we must decide whether the trial court erroneously concluded that Stonewall was prejudiced by Back Seat Saloon's failure to inform Stonewall of plaintiff's lawsuit. The finding of prejudice is a finding of fact, which will not be set aside unless it is clearly erroneous. A trial court's finding is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Burgess v American Fidelity Fire Ins Co, supra,* p 630.

Stonewall supported its claim of prejudice by arguing that it was prevented from investigating plaintiff's accident by the 2-1/2 year lapse between the accident and plaintiff's garnishment notice.

As there is no evidence that Stonewall had knowledge of plaintiff's accident prior to its receipt of the garnishment notice, we cannot conclude that the trial court's finding of prejudice is clearly erroneous.

Affirmed.

BRONSON, P.J., concurred.

R. L. BORSOS, J. *(dissenting).* I respectfully dissent. Plaintiff commenced this garnishment action against Stonewall Insurance Company seeking to recover insurance proceeds to satisfy a $2,500,000 default judgment entered against the principal defendants. At the time of the accident in 1977, defendant Back Seat Saloon was apparently bonded for the minimum amount required by MCL 436.22; MSA 18.993. Defendant Back Seat Saloon was also insured by Stonewall against dramshop liability. Under the policy, Stonewall agreed to pay all sums which Back Seat Saloon became legally obligated to pay as damages sustained by any person by reason of Back Seat Saloon's selling, serving, or giving alcoholic beverages on the premises. The policy required Back Seat Saloon to give Stonewall notice of any lawsuit.

The majority holds that Stonewall may assert a lack-of-notice defense and that, since the policy issued by Stonewall was not filed in lieu of a bond, MCL 436.22a; MSA 18.993(1), the prohibition against limiting liability of MCL 436.22f; MSA 18.993(6) does not apply. Thus, despite the fact that at the time plaintiff filed his dramshop action there was no way for plaintiff to determine if Back Seat Saloon held insurance in addition to the statutorily required bonds, plaintiff cannot recover insurance proceeds under the policy in effect at the time of the accident.

The rule that a casualty-liability insurer may assert a lack-of-notice defense in a garnishment action should not be applied in a case where plaintiff seeks to recover insurance proceeds from a dramshop-liability insurer. The purpose of the dramshop act, a subpart of the Michigan Liquor Control Act, MCL 436.1 *et seq.;* MSA 18.971 *et seq.,* is to discourage bars from selling intoxicating beverages to minors or visibly intoxicated persons

and to provide for recovery by those injured as a
result of the illegal sale of intoxicating liquor.
*Browder v International Fidelity Ins Co,* 413 Mich
603, 611-612; 321 NW2d 668 (1982). The act is
directed toward regulating bar owners and protect-
ing members of the public. The purpose of the act
is not served by placing the risk of nonrecovery on
the victim. It would be far better to place that risk
on the garnishee-defendant insurance company,
which has the right to sue the principal defendant
for breach of contract. This right provides the
necessary incentive for the bar owner, the party
required to notify the insurance company, to com-
ply with the insurance contract. *Cf. Coburn v Fox,*
134 Mich App 190, 196; 350 NW2d 852 (1984).

While insurance in addition to the modest statu-
tory bond was not mandatory in this case, the
insurer was paid a premium for taking this risk,
knowing full well that it was the insurer of a
retail seller of alcohol. The dramshop act is an
expression of a public policy that the *public be
protected* financially from the catastrophic dam-
ages which might be suffered from an encounter
with an intoxicated driver. Casualty-liability insur-
ance, on the other hand, is primarily to protect the
*insured.*

When considering the relative merits of an in-
surance company whose insured does not cooper-
ate as compared with the merits of a seriously
injured member of the public, there appears no
question but that the member of the public who is
injured by a person who is under the influence of
alcohol should be preferred. I do not believe that
the reasoning applied to a casualty-liability policy
should be applied when insurance is furnished to a
retail seller of alcohol. Since the circuit court's
order dismissing plaintiff's garnishment action
against Stonewall places the risk of nonrecovery
on plaintiff, I would reverse.