## KLEIT v SAAD

Docket No. 82286. Submitted November 14, 1985, at Detroit. Decided December 20, 1985.

Naji H. Kleit was injured in an automobile accident while riding as a passenger in an automobile driven by Adel H. Saad. He and Jouheina Kleit, plaintiffs, filed suit in the Wayne Circuit Court against Saad, seeking a recovery of noneconomic losses under the no-fault act. Plaintiffs obtained a default judgment in the amount of $15,000 against Saad and later served a writ of garnishment against Saad's no-fault insurer, Automobile Club Insurance Association. The insurer filed a disclosure denying liability based on Saad's failure to comply with his obligation under the insurance contract to notify the insurer of plaintiffs' suit. Plaintiffs moved for summary judgment on the garnishment, arguing that the insurer had failed to state a valid defense. The trial court, Patrick J. Duggan, J., granted the motion. The insurer appealed. *Held:*

1. Plaintiffs' claim against Saad is covered by the residual liability provisions of the insurance policy issued by Auto Club.

2. The scope of residual liability insurance is determined by the financial responsibility laws of the place where the injury occurs. In this case, the accident which resulted in plaintiff Nagi H. Kleit's injury occurred in Michigan.

3. Michigan's financial responsibility act provides that an insurer shall not be liable in an action by a judgment creditor if the insurer has not had prompt notice of and reasonable opportunity to appear in and defend the action in which such judgment was rendered.

4. In this case, Auto Club stated a valid defense in asserting that it was never notified of plaintiffs' suit. Therefore, the trial court erred in granting plaintiffs' motion for summary judgment on the writ of garnishment, since issues of material fact existed regarding whether Auto Club was prejudiced by such lack of notice. On remand, the trial court must determine

REFERENCES

Am Jur 2d, Automobile Insurance §§ 369 *et seq.*

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

whether Auto Club was prejudiced by the lack of notice before ruling on plaintiffs' motion for summary judgment.

Reversed and remanded.

INSURANCE — NO-FAULT INSURANCE — RESIDUAL LIABILITY — FINANCIAL RESPONSIBILITY ACT.

The scope of no-fault residual liability insurance is determined by the financial responsibility laws of the place where the injury occurs; under the Michigan financial responsibility act, an insurer shall not be liable on any judgment if it has not had prompt notice of and reasonable opportunity to appear in and defend the action in which such judgment was rendered; thus an insurer, who receives no notice of a suit for noneconomic losses by an injured party against the insured and who can show that it was prejudiced by such lack of notice, shall not be liable to the injured party under a writ of garnishment seeking the payment of a default judgment for noneconomic losses (MCL 257.520[f][6], 500.3131[1]; MSA 9.2220[f][6], 24.13131[1]).

*Gittleman, Paskel, Tashman & Blumberg, P.C.* (by *Gary R. Blumberg*), for plaintiffs.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Clifford Schiesel*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of counsel, for Automobile Club Insurance Association.

Before: BEASLEY, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. On December 3, 1981, plaintiffs, Naji H. Kleit and Jouheina Kleit, filed suit against the principal defendant, Adel H. Saad, seeking recovery of noneconomic losses under the Michigan no-fault act.[1] On June 16, 1982, plaintiffs obtained a circuit court default judgment against the principal defendant in the amount of $15,000. On July 14, 1982, plaintiffs served a writ of garnishment on the garnishee defendant, Automobile Club Insurance Association, the principal defen-

[1] MCL 500.3135(1); MSA 24.13135(1).

dant's no-fault insurer at the time of the accident, in an effort to collect the $15,000 judgment. The garnishee defendant denied liability for the $15,-000. On November 9, 1984, the circuit court granted plaintiffs' motion for summary judgment on the garnishment under GCR 1963, 117.2(2), finding that the garnishee defendant had failed to state a valid defense. The garnishee defendant appeals as of right.

The parties have stipulated to the facts surrounding the sole issue raised on appeal. In an automobile accident on March 10, 1981, plaintiff, Naji H. Kleit, was a passenger in an automobile driven by the principal defendant, Adel Saad. After the accident, plaintiff obtained the default judgment described above against Saad. Thereafter, on July 20, 1982, plaintiffs served a writ of garnishment on the garnishee defendant, that being the first notification received by the garnishee defendant concerning plaintiffs' suit against defendant Saad. On July 28, 1982, the garnishee defendant filed a "disclosure of garnishee defendant denying liability" based on Saad's failure to comply with his insurance contract obligation to notify the garnishee defendant of plaintiffs' suit. Garnishee defendant alleged that this failure to give notice prejudiced it in possibly defending or settling plaintiffs' claim.

Garnishee defendant did admit that its insured, Saad, had notified it of the accident on March 12, 1981. Also, at the time of entry of the default judgment in the principal case, the garnishee defendant was in the process of defending a suit filed against it by the principal defendant on May 7, 1982. This suit was also filed under the no-fault act and also involved the March 10, 1981, accident.

The trial court, in hearing plaintiffs' motion for summary judgment on the garnishment, noted this

Court's recent decision in *Coburn v Fox*,[2] where we held that, where insurance was mandatory under the no-fault act, MCL 500.3101; MSA 24.13101, an insured's failure to comply with an insurance contract clause requiring cooperation in defending the suit did not provide the insurer with a valid defense against an injured plaintiff. The trial court held that the *Coburn* decision dictated the result in this case and granted plaintiffs' motion for summary judgment under GCR 1963, 117.2(2).

On appeal, garnishee defendant argues that the *Coburn* case is clearly distinguishable from the within case. Garnishee defendant does acknowledge that the residual liability insurance, covering claims under MCL 500.3135; MSA 24.13135, that it provided for the principal defendant was mandatory under MCL 500.3101(1); MSA 24.13101(1). However, garnishee defendant notes that *Coburn* involved only the failure of an insured to cooperate in an insurer's defense of a claim. The within case involves an insured's total failure to notify the insurer of the existence of a suit. The garnishee defendant goes on to assert that this factual distinction is significant in light of the provisions of the no-fault act. We agree with garnishee defendant's argument.

The no-fault residual liability coverage provision applicable to plaintiffs' claim against the principal defendant in this case, MCL 500.3131(1); MSA 24.13131(1), states:

> Residual liability insurance shall cover bodily injury and property damage which occurs within the United States, its territories and possessions, or in Canada. *This insurance shall afford coverage equivalent to that required as evidence of automo-*

[2] 134 Mich App 190; 350 NW2d 852 (1984), lv gtd 422 Mich 857 (1985).

*bile liability insurance under the financial responsibility laws of the place in which the injury or damage occurs.* In this state this insurance shall afford coverage for automobile liability retained by section 3135. [Emphasis added.]

The scope of residual liability insurance is determined by the financial responsibility laws of the place where the injury occurs. The within injury occurred in Michigan and, therefore, the Michigan financial responsibility act, MCL 257.501 *et seq.;* MSA 9.2201 *et seq.,* determines the scope of the residual liability insurance coverage.[3]

The pertinent section of the financial responsibility act applicable to this case, MCL 257.520(f)(1); MSA 9.2220(f)(1) states:

Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:

(1) The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be cancelled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy, and *except as hereinafter provided,* no fraud, misrepresentation, assumption of liability or other act of the insured in obtaining or retaining such policy, or in adjusting a claim under such policy, and no failure of the insured to give any notice, forward any paper or otherwise cooperate with the insurance carrier, shall constitute a defense as against such judgment creditor. [Emphasis added.]

MCL 257.520(f)(6); MSA 9.2220(f)(6) goes on to

---

[3] *State Farm Automobile Ins Co v Ruuska,* 90 Mich App 767, 772-773; 282 NW2d 472 (1979), aff'd 412 Mich 321; 314 NW2d 184 (1982).

address the liability of an insurer in an action by a judgment creditor and provides:

> The insurance carrier shall not be liable on any judgment if it has not had prompt notice of and reasonable opportunity to appear in and defend the action in which such judgment was rendered, or if the judgment has been obtained through collusion between the judgment creditor and the insured.

Thus, the failure of the insured (principal defendant Saad) to notify the insurer (garnishee defendant Automobile Club) of the suit relieves the garnishee defendant from liability to plaintiffs. We note that the factual situation presented in *Coburn* (an insured's failure to cooperate in the insurer's defense of a claim) is not covered by a similar provision in the financial responsibility act.

We believe that the Legislature did not intend that a plaintiff be allowed to recover from a defendant's insurer if the insurer was never notified of the suit. The legislative policy of securing a recovery under the no-fault act for an injured party, relied on heavily in our *Coburn* decision, does not extend to the within case. In this lack of notice situation, in contrast to a defendant's failing to cooperate with his insurer, the plaintiff has some opportunity to discover the existence and identity of the principal defendant's insurance carrier and to notify it that a suit is pending. Realizing that in order to present any defense at all the insurance company must have notice of the suit, the Legislature has provided in the statute that failure to notify the insurer will bar recovery by the plaintiff from the insurer.

The importance of notice to the insurer concerning the existence of a suit was pointed out in the recent decision of this Court in *Henderson v Bi-*

*ron.*[4] *Henderson* involved a bar owner's insurance as required under the dramshop act.[5] The court initially noted that the statutory insurance requirement existed in order to secure a source of recovery to persons injured by unlawful sales of liquor. But, this Court refused to apply the *Coburn* analysis in this situation where the insured principal defendant failed to notify its insurer of the suit. The *Henderson* Court concluded that an insurer is not precluded from asserting a lack of notice defense even though the insurance is required by statute and the policy behind the required insurance is to secure a source of recovery for an injured plaintiff.

We feel the *Henderson* analysis fits the factual situation presented in this case more closely than the *Coburn* analysis. Further, the clear language of the Michigan financial responsibility act, as applicable herein, leads us to the conclusion that the garnishee defendant has stated a valid defense in asserting that it was never notified of plaintiffs' suit. Therefore, the trial court erred in granting plaintiffs' motion for summary judgment under GCR 1963, 117.2(2).

As the *Henderson* Court noted, the garnishee defendant still has the burden of proving it was prejudiced by the insured's failure to notify it of the lawsuit.[6] This is so since, if the insurer was not prejudiced before it was notified of the action, it received prompt, reasonable notice when notified of the judgment. The issue of prejudice involves a finding of fact for the trial judge. Although we note that the trial judge in this case indicated his

[4] 138 Mich App 503; 360 NW2d 230 (1984).

[5] MCL 436.22; MCL 436.22a; MSA 18.993; MSA 18.993(1).

[6] *Burgess v American Fidelity Fire Ins Co,* 107 Mich App 625; 310 NW2d 23 (1981).

doubts as to any prejudice to the garnishee defendant by the lack of notice, since defendant failed to move that the default judgment be set aside, no finding was specifically made on this issue. The garnishee defendant did assert prejudice in its denial of liability based on lack of notice. Thus, despite plaintiffs' arguments on appeal, summary judgment cannot be granted on this issue since issues of material fact appear to exist.

The trial court's order granting plaintiffs' motion for summary judgment must be reversed, and this matter must be remanded for further proceedings on the issue of whether garnishee defendant was prejudiced by the failure of the principal defendant to notify it of the existence of plaintiffs' suit.

Reversed and remanded for proceedings consistent with this opinion.