## WOOD v DUCKWORTH

Docket No. 78628. Submitted April 8, 1986, at Grand Rapids. Decided
June 11, 1986. Leave to appeal denied denied, 426 Mich 876.

Vera Ruth Wood, administrator of the estate of Kenneth W.
Williams, deceased, filed suit against Edward C. Duckworth,
who preceded her as administrator of the estate, in Lake
Circuit Court seeking damages for Duckworth's negligent and
dishonest handling of the estate. Duckworth, an attorney, had
malpractice insurance through American Home Assurance
Company, but failed to inform American Home of the lawsuit.
Duckworth, acting in propria persona, did inform plaintiff's
attorney of the coverage, and plaintiff's attorney informed
American Home of the pending action three weeks before trial.
American Home at that point declined to participate in the
trial. The trial ended in a consent judgment whereby Duck-
worth agreed to a liability of $30,000, if his malpractice insur-
ance would cover that amount. Following entry of the consent
judgment plaintiff instituted garnishment proceedings against
American Home. American Home moved for summary judg-
ment on the basis of Duckworth's failure to give notice of the
action and on the fact that his agreement to the entry of a
consent judgment violated the cooperation clause of the policy
issued to him. The court, Walter F. Ransom, J., denied the
motion and held that plaintiff was entitled to recover $30,000
from American Home. American Home appealed.

The Court of Appeals held:

1. American Home was prejudiced by the very brief time it
was afforded to prepare for trial and by developments which
had occurred prior to its being notified of the lawsuit. The trial

REFERENCES

Am Jur 2d, Insurance §§ 1333, 1431, 1434, 1441-1444.

Modern status of rules requiring liability insurer to show prejudice
to escape liability because of insured's failure or delay in giving
notice of accident or claim, or in forwarding suit papers. 32
ALR4th 141.

Liability insurance: clause with respect to notice of accident or
claim, etc., or with respect to forwarding suit papers. 18 ALR2d
443.

court erred in finding that American Home was not prejudiced by the late notice.

2. On the facts of this case, where the insured neglected to notify the insurance company of the lawsuit until liability was virtually assured by the damaging admissions of the insured prior to notice, in direct contravention of the insurance agreement, the forfeiture clause of the policy, which provides that no action shall lie against the company unless, as a condition precedent, the insured has fully complied with all the terms of the policy, should take effect.

Reversed.

1. INSURANCE — ACTIONS AGAINST INSUREDS — NOTICE — PREJUDICE.

A lack or delay of notice of suit by an insured to his insurer may excuse the insured from liability in a garnishment action where it can be shown that the delay was unreasonable and resulted in prejudice to the insurer.

2. INSURANCE — ACTIONS AGAINST INSUREDS — NOTICE — EIGHTEEN-MONTH DELAY.

An eighteen-month delay in notifying an insurance company of a suit against its insured due to the insured's forgetfulness is prima facie unreasonable.

*Rosemary Scott,* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for American Home Assurance Company.

Before: R. M. MAHER, P.J., and T. M. BURNS and R. H. BELL,* JJ.

PER CURIAM. Plaintiff obtained a judgment against defendant Edward Duckworth, the original administrator of the estate of Kenneth W. Williams, deceased, for damages arising from his negligent and dishonest handling of the estate. Plaintiff, the successor administrator of the estate, attempted to garnish American Home, defendant Duckworth's legal malpractice insurance carrier. Despite its resistance, American Home was or-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dered to pay damages of $30,000, and now appeals as of right from that order.

American Home's basic objection to the order against it is that its insured, Edward Duckworth, did not comply with the terms of the insurance agreement, which in American Home's view negates the agreement. One of the conditions requires that the insurance company receive notice of a claim or suit:

> Upon the insured becoming aware of any act or omission which might reasonably be expected to be the basis of a claim or suit covered hereby, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable, together with the fullest information obtainable. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

During the proceedings against Duckworth for his negligent handling of the estate, instituted in April of 1979, Duckworth acted in propria persona. He never notified American Home of the action. Duckworth, who was an attorney, said he could not remember whether he had insurance, and later said he did not know who his liability insurer was. Eventually he discovered his policy and notified plaintiff's attorney. She informed American Home by letter dated October 31, 1980, that the suit was pending and that trial was scheduled for November 19, 1980. American Home argues that this notice, three weeks prior to the trial date, was too late to be effective.

Lack of notice of suit by an insured to his insurer is no defense to a garnishment seeking recovery of insurance policy proceeds to satisfy a

judgment unless the insurer can show prejudice from the lack of notice of suit. *Burgess v American Fidelity Fire Ins Co,* 107 Mich App 625, 628; 310 NW2d 23 (1981), and cases cited therein. In the absence of prejudice, a mere delay in giving the required notice to an insurer does not work a forfeiture. *Id.* However, if the delay was unreasonable and the insurer can show prejudice, liability may be excused. *Wendel v Swanberg,* 384 Mich 468, 477-478; 185 NW2d 348 (1971).

American Home argues it was prejudiced not only by the very brief time it was afforded to prepare for trial but also by developments which had occurred prior to its notification of the lawsuit. In his answer to the complaint, Duckworth had essentially admitted liability and disputed only the amount of damages incurred. Duckworth had also made inculpatory admissions during pretrial proceedings. American Home faced almost certain liability with little opportunity to control the direction of the legal proceedings. We are left with a firm conviction that the trial court committed a mistake in finding that American Home was not prejudiced by the late notice. See *Kermans v Pendleton,* 62 Mich App 576, 581-582; 233 NW2d 658 (1975).

There also is no basis for concluding that the delay in notification was reasonable. The insured, Duckworth, agreed to notify American Home of any claim or lawsuit, then wholly neglected to do so. An eighteen-month delay in notifying an insurance company of a suit against its insured due to the insured's forgetfulness is not on its face a reasonable delay.

On the facts of this case, where the insured neglected to notify the insurance company of the lawsuit until liability was virtually assured by the damaging admissions of the insured prior to no-

tice, in direct contravention of the insurance agreement, the forfeiture clause of the policy, which provides that no action shall lie against the company unless, as a condition precedent, the insured has fully complied with all the terms of the policy, should take effect.

As this Court observed in *Burgess,* the practical effect of a ruling in favor of the insurance carrier in a garnishment action often leaves the injured plaintiff with an uncollectible judgment. However, plaintiff in this case instituted and pursued legal proceedings against Duckworth without knowing whether liability insurance existed at all. Furthermore, the consent judgment contemplated Duckworth's personal liability in the event that liability insurance was unavailable to him. Under these circumstances, the interests balanced by the *Burgess* Court weigh in favor of the insurance carrier.

Because of our decision reversing the garnishment order, we need not address the other issue raised on appeal or the issue presented by the cross-appeal concerning judgment interest.

Reversed.