## LeDUFF v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 166285. Submitted April 11, 1995, at Detroit. Decided July 7, 1995, at 9:05 A.M.

Octave LeDuff, as next friend of Yvette M. Guthery, a minor, obtained a default judgment against Rodney A. Edwards and Erisline Hale in the Oakland Circuit Court in an action relating to a collision between Guthery's moped and Hale's automobile driven by Edwards. The plaintiff filed a writ of garnishment against Auto Club Insurance Association, Hale's automobile insurer. Auto Club, which did not have notice of the plaintiff's lawsuit before receiving the writ of garnishment, filed a disclosure admitting the existence of a policy covering Hale but stating that it did not know whether the policy applied to the plaintiff's claim. When asked in an interrogatory by the plaintiff about affirmative defenses, Auto Club reserved the right to raise them later, contending that it was unable to state any without more information about the plaintiff's claim. The court, Francis X. O'Brien, J., denied summary disposition for the plaintiff and granted summary disposition for Auto Club. The plaintiff appealed.

The Court of Appeals *held:*

1. The scope of no-fault residual liability insurance coverage for an accident that occurs in Michigan is determined by the financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.* Section 520(f)(6) of the act, MCL 257.520(f)(6); MSA 9.2220(f)(6), provides that an insurance carrier shall not be liable on any judgment if it has not had prompt notice of and reasonable opportunity to appear in and defend the action in which the judgment was rendered. Here, Auto Club is relieved of liability because it did not receive timely notice of the plaintiff's lawsuit against its insured and it was prejudiced by the lack of notice.

2. The trial court did not err in denying the plaintiff's motion

REFERENCES

Am Jur 2d, Attachment and Garnishment § 563; Automobile Insurance §§ 29, 34.

See ALR Index under Attachment or Garnishment; Automobile Insurance.

for summary disposition based on failure to state a valid defense. A general denial of liability is sufficient to preserve a garnishee defendant's right to litigate its liability. Absent an admission to the contrary in the garnishment disclosure, the failure to plead specifically a defense does not waive the defense.

Affirmed.

1. INSURANCE — NO-FAULT — RESIDUAL LIABILITY — FINANCIAL RESPONSIBILITY ACT.

No-fault residual liability for an accident in Michigan is governed by the financial responsibility act, which provides that an insurance carrier is not liable on any judgment if it has not had prompt notice of and reasonable opportunity to appear in and defend the action in which the judgment was rendered (MCL 257.520[f][6]; MSA 9.2220[f][6]).

2. GARNISHMENT — DISCLOSURES — DEFENSES.

A general denial of liability is sufficient to preserve a garnishee defendant's right to litigate its liability; absent an admission to the contrary in the disclosure, the failure to plead specifically a defense does not waive the defense.

*Raymond L. Krell, P.C.* (by *Derek A. Hurt*), for Octave LeDuff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Jeffrey A. Oakes*) (*Nancy L. Bosh*, of Counsel), for Auto Club Insurance Association.

Before: CONNOR, P.J., and SMOLENSKI and W. J. NYKAMP,* JJ.

CONNOR, P.J. Plaintiff appeals as of right from the trial court's order granting garnishee defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and denying plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(9) and (C)(10). We affirm.

This appeal stems from an accident that oc-

* Circuit judge, sitting on the Court of Appeals by assignment.

curred in September of 1988 in which Yvette Guthery was injured when her moped collided with a car driven by defendant Rodney Edwards and owned by defendant Erisline Hale. Plaintiff commenced an action against Edwards and Hale in July of 1990, and was granted a default judgment against them in April 1991. In October of 1992, plaintiff filed a writ of garnishment against garnishee defendant. One month later, garnishee defendant responded by filing a disclosure, wherein it admitted a policy existed covering defendant Hale. The disclosure also stated it was unknown whether that policy applied to any claim by plaintiff.

Plaintiff filed interrogatories, and garnishee defendant answered in November of 1992. In response to a request to expand on the reasons why the policy did not apply, garnishee defendant stated:

> Garnishee Defendant does not know whether the policy is applicable to plaintiff's claims because the plaintiff has never bothered to tell Garnishee Defendant what the claim consists of.

In a response to a request to state affirmative defenses, garnishee defendant stated:

> Unable to state any affirmative defenses for the reason that we have no idea what the plaintiff's claim is about. We reserve the right to provide affirmative defense once the plaintiff provides us with some basis for the claim.

Thereafter, the parties filed their motions for summary disposition.

We find the trial court did not err in granting garnishee defendant's motion for summary disposition because garnishee defendant did not have

timely notice of the lawsuit and was prejudiced by the lack of notice.[1]

The scope of residual liability insurance coverage for an accident that occurs in Michigan is determined by the Michigan financial responsibility act, MCL 257.501 et seq.; MSA 9.2201 et seq.; Kleit v Saad, 153 Mich App 52, 56; 395 NW2d 8 (1985). The section of the act addressing the liability of an insurer in an action by a judgment creditor provides:

> The insurance carrier shall not be liable on any judgment if it has not had prompt notice of and reasonable opportunity to appear in and defend the action in which such judgment was rendered . . . . [MCL 257.520(f)(6); MSA 9.2220(f)(6).]

The Kleit Court held that the failure of an insured to notify its insurer, the garnishee defendant, of the lawsuit relieves the garnishee defendant of liability. Kleit, supra, 57. Thus, in order for a garnishee defendant insurer to be relieved of liability because of lack of notice, it (1) must not have received timely notice of the lawsuit, and (2) must have been prejudiced by the lack of notice. Id. at 57-58.

In the present case, it is undisputed that garnishee defendant did not receive notice of the lawsuit until the filing of the writ of garnishment in October of 1992, which was seventeen months after the entry of the default judgment and twenty-seven months after the filing of the complaint. Accordingly, we deem the notice untimely.

---

[1] MCR 2.116(C)(7) appears to be an inappropriate basis for granting the motion in this matter. However, the trial court reviewed the motion as if it were brought pursuant to MCR 2.116(C)(10), and because neither party was misled, we review the motion pursuant to that court rule. Mollett v City of Taylor, 197 Mich App 328, 332; 494 NW2d 832 (1992); Albro v Total Petroleum, Inc, 108 Mich App 1, 4; 310 NW2d 252 (1981).

The affidavits submitted by both parties below reveal that a claims adjuster for plaintiff's insurer contacted garnishee defendant and inquired into coverage of defendant Hale in September of 1988, but did not file a claim. Thereafter, in March of 1989, the claims adjuster contacted the agent of record and was told that defendant Hale was covered by garnishee defendant under a policy different from that about which garnishee defendant informed the claims adjuster. We conclude that these March 1989 contacts were insufficient to mitigate the prejudice caused by the lack of timely notice. Delays in notification can prejudice an insurer when the insurer is prevented from investigating the accident. *Kleit, supra,* 58; *Henderson v Biron,* 138 Mich App 503, 506-507; 360 NW2d 230 (1984). While garnishee defendant may have been able to infer from the call that an accident had taken place, there was no indication that a claim or a lawsuit was planned. Summary disposition was properly granted in favor of garnishee defendant.

Plaintiff obtained a valid default judgment against garnishee defendant's insured. However, because garnishee defendant presented a valid defense to liability, specifically, lack of timely notice, the trial court correctly denied plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10).

Finally, we find the trial court properly denied plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(9). In a disputed garnishment action, the garnishment affidavit serves as the complaint and the disclosure serves as the answer. MCR 3.101(M)(2). The issues in a garnishment dispute are to be tried in the same manner as other civil actions. MCR 3.101(M)(1). Plaintiff infers from this rule that a garnishee must plead its

defenses in the disclosure or waive them as dictated by MCR 2.111(F)(2). Case law not cited by plaintiff supports this proposition. *See Westland Park Apartments v Ricco Inc,* 77 Mich App 101, 104; 258 NW2d 62 (1977), citing *Clark v Hacker,* 345 Mich 751, 755-756; 76 NW2d 806 (1956).

However, the court rule regarding the contents of a disclosure requires only that the garnishee reveal its liability to the principal defendant and claim any setoff. MCR 3.101(H)(1)(a). Moreover, MCR 3.101(M)(2) provides, "[e]xcept as the facts stated in the verified statement are admitted by the disclosure, they are denied." Accordingly, a general denial of liability is sufficient to preserve a garnishee defendant's right to litigate its liability. *Admiral Ins Co v Columbia Casualty Ins Co,* 194 Mich App 300, 309; 486 NW2d 351 (1992).

We find that absent an admission to the contrary in the disclosure, the failure to plead specifically a defense does not waive the defense. In the present case, the disclosure filed by garnishee defendant acknowledged the existence of a policy covering its insured, but stated, "[i]t is unknown by garnishee defendant whether said policy applies to any claim by the Plaintiff." Because garnishee defendant could not determine its defenses until the facts underlying the dispute were developed and an amendment of the pleadings would have corrected any deficiency, plaintiff's motion was properly denied.

Affirmed.