Jansen, J.
(dissenting). I respectfully dissent. I would hold that the trial court did not err in ruling that a dramshop liability carrier may not assert a lack-of-notice defense to a garnishment action because the applicable statute in this case, MCL 436.22f; MSA 18.993(6), clearly and unambiguously does not permit the insurer to relieve itself of liability under a lack-of-notice defense.
Pursuant to MCL 436.22f; MSA 18.993(6), liquor liability policies must contain a condition “[t]hat no condition, provision, stipulation or limitation contained in the policy, or any other endorsement thereon, shall relieve the insurer from liability . . . for the payment of any claim for which the insured may be held legally liable under [MCL 436.22; MSA 18.993].” Plaintiff asserts that this provision precludes defendant’s lack-of-notice defense set forth in the dramshop liabil *508 ity policy. Garnishee defendant argues that this provision does not apply to a lack-of-notice defense, relying on this Court’s decision in Henderson v Biron, 138 Mich App 503; 360 NW2d 230 (1984).
This case requires us to construe and apply MCL 436.221; MSA 18.993(6). The “cardinal rule” of statutory construction is to identify and give effect to the intent of the Legislature. Shallal v Catholic Social Services, 455 Mich 604, 611; 566 NW2d 571 (1997); Turner v Auto Club Ins Ass’n, 448 Mich 22, 27; 528 NW2d 681 (1995). The first step in discerning intent is to examine the language of the statute. Id. The language is to be read according to its ordinary and generally accepted meaning. Shallal, supra, p 611. Judicial construction is authorized only where the statute lends itself to more than one interpretation. Id. When statutory language is clear and unambiguous, the court must honor the legislative intent as clearly indicated in that language and no further construction is required or permitted. Western Michigan Univ Bd of Control v Michigan, 455 Mich 531, 538; 565 NW2d 828 (1997); Turner, supra, p 27. Therefore, where the statute is clear on its face, “the role of the judiciary is not to articulate its view of ‘policy,’ but to apply the statute in accord with its plain language.” Rogers v Detroit, 457 Mich 125, 140; 579 NW2d 840 (1998).
I find the language of MCL 436.22f; MSA 18.993(6) to be clear and unambiguous and, therefore, it must be applied as written. No provision or limitation contained in the dramshop liability policy can relieve the insurer from liability for which the insured may be held legally liable. Therefore, North Pointe cannot assert a lack-of-notice defense against plaintiff to preclude her from recovering her default judgment *509 against defendants Sraba and E.J.E.C.S. Further, there is nothing absurd or unjust about applying the plainly worded statute as written to the facts of this case. None of the parties have attacked the default judgment, for which there are clear remedies,[1] and there is not one shred of evidence of fraud or collusion in this case. In this regard, I note that the Legislature has created a check against collusion by requiring the plaintiff to name and retain the intoxicated person who actually committed the injury as a defendant. See Browder v Int’l Fidelity Ins Co, 413 Mich 603, 615; 321 NW2d 668 (1982); Salas v Clements, 399 Mich 103, 110; 247 NW2d 889 (1976).
I acknowledge that in Henderson, supra, p 506, this Court held that the prohibition contained in § 22f does not preclude a dramshop liability insurer from asserting a lack-of-notice defense. However, I believe that Henderson was wrongly decided on this point and Henderson is not binding on this Court because it predates the dictates of MCR 7.215(H)(1). This Court’s decision in Henderson ignored the clear and unambiguous language of § 22f and did not apply the rules of statutory construction in holding that a dram-shop liability insurer is not precluded from asserting a lack-of-notice defense. This Court’s decision in Henderson clearly violates the rule of statutory construction that a clear and unambiguous statute must be applied as written. If the role of the judiciary is not to articulate its view of policy, but to apply the statute in accord with its plain language, Rogers, supra, p 140, then, in applying § 22f in accord with its plain *510 language, North Pointe cannot assert a lack-of-notice defense in this case.
Because § 22f is clear and unambiguous and must be applied as written, it is not necessary to consider whether the Supreme Court’s decision in Coburn, supra,[2] implicitly overruled this Court’s decision in Henderson. In any event, the facts and circumstances of Coburn are easily distinguishable from the present case because Cobum involved the automobile no-fault act and a lack-of-cooperation defense. In the same vein, North Pointe’s reliance on Kleit v Saad, 153 Mich App 52; 395 NW2d 8 (1985), and LeDuff v Auto Club Ins Ass’n, 212 Mich App 13; 536 NW2d 812 (1995),[3] is similarly misplaced because these two cases involve the no-fault act. This distinction is of further significance because MCL 257.520(f)(6); MSA 9.2220(f)(6) permits automobile no-fault insurers to assert a lack-of-notice defense. There is no similar provision regarding dramshop liability insurers, and § 22f of the dramshop act specifically precludes dramshop liability insurers from relying on their policies to relieve themselves of liability where the insured may be held legally liable.
Accordingly, I would apply the clear and unambiguous provision of § 22f of the dramshop act to the facts of this case. North Pointe may not assert a lack- *511 of-notice defense, as set forth in the dramshop liability policy with defendants, to relieve itself of liability where the insured was legally liable for its actions.[4]1 would affirm the trial court’s judgment in favor of plaintiff.

 See MCR 2.603(D), 2.612.

 In Coburn, supra, p 312, our Supreme Court held that the noncooperation of the insured is not a valid defense in an action between a thirdparly victim and an insurer to the extent of the statutorily required minimum residual liability insurance because of the compulsory nature of no-fault liability insurance.

 The cases of Kleit and LeDuff present the rule that a no-fault liability insurer may be relieved of its liability if it did not receive timely notice of the lawsuit between its insured and the third-party and was prejudiced by the lack of notice.

 Here, legal liability has been established because liability against a liquor licensee under the dramshop act may be premised on the commission of an intentional tort (here, an assault) by the intoxicated person who was provided the alcohol while visibly intoxicated. Weiss v Hodge (After Remand), 223 Mich App 620; 567 NW2d 468 (1997).