NELLIE CONNOR v. THE THIRD NATIONAL BANK OF DETROIT, GARNISHEE OF THE SUPREME CON-CLAVE OF THE ROYAL ADELPHIA.

*Garnishment—Affidavit—Bank deposit—Fraudulent transfer.*

Where a depositor, with intent to defraud a creditor, withdraws his deposit, and redeposits it in the name of a third party, the relation of debtor and creditor ceases to exist as between the

bank and the depositor, and the bank is chargeable as garnishee of the depositor, at the suit of the creditor, upon an affidavit alleging that it has property, money, goods, credits, and effects under its control belonging to the depositor.

Error to Wayne. (Hosmer, J.) Submitted on briefs January 15, 1892. Decided February 19, 1892.

Garnishment proceeding. Garnishee defendant brings error. Affirmed. The facts are stated in the opinion.

*DeForest Paine (Conely, Maybury & Lucking,* of counsel), for appellant, contended:

1. The bank is simply a debtor for the amount. Money deposited on general account, and not left as a special deposit, becomes the money of the bank, which becomes the depositor's debtor for the amount; citing *Neely v. Rood*, 54 Mich. 134, 137; 1 Morse, Banks, §§ 289, 289e.
2. Money owed cannot be recovered from the debtor by a garnishment charging him with having possession or control of the property, money, etc., of the principal defendant; citing *Botsford v. Simmons*, 32 Mich. 352.
3. The transfer of the account to Mrs. Frank Houp did not change the relation of debtor and creditor; citing 1 Morse, Banks, § 293; *Ide v. Harwood*, 30 Minn. 194.
4. It seems to be settled that, where a debt is assigned in fraud of creditors, the debtor is still subject to garnishment at the suit of creditors of the fraudulent assignor; citing 2 Wade, Attach. § 479, and cases cited; but such debtor is subject to garnishment as and for an indebtedness, and not as the custodian of moneys, etc. The transfer of his obligation from one person to another does not transform a debtor to a possessor of property.

*Edward McNamara* and *Charles S. McDonald,* for plaintiff.

LONG, J. The affidavit for the writ of garnishment states that the garnishee "has property, money, goods, credits, and effects in its hands or under its control, belonging" to the principal defendant, a corporation

organized under the laws of the State of Michigan. The affidavit also contains the other usual averments.

The garnishee made disclosure, and stated, among other things, as follows:

"It had no property, money, goods, chattels, credits, or effects in its hands, or under its control, belonging to said Supreme Conclave of the Royal Adelphia, principal defendant, unless it be so held from the following facts: At the time of the service of said second writ of garnishment upon this respondent there was no money to the credit of the said principal defendant upon the books of respondent, nor to the credit of any of the officers of said principal defendant as such officers, but there had been deposited by Frank Houp, treasurer of said principal defendant, the sum of $4,448.15, to the credit of Mrs. Frank Houp, which sum stood to her credit at the time of the service of said writ. Respondent is informed that the said credit was made with the moneys and property of the said principal defendant. This respondent, however, states that whatever the fact may be about the facts last stated, whether the account in the name of Mrs. Frank Houp was really the credit of said principal defendant or not, respondent cannot be charged under the said affidavit and writ in this manner, because its relation to whomsoever is entitled to the money due upon said credit and by reason of it is that of debtor and creditor, and it cannot be charged and held liable as having moneys, property, goods, chattels, credits, or effects."

The proceedings in garnishment came on to be heard in the Wayne circuit court, and verdict and judgment were directed in favor of the plaintiff, for the amount of the judgment against the principal defendant of $2,007. The garnishee defendant brings error.

Upon the hearing in the court below, the plaintiff called Mr. Frank Houp as a witness, and he testified substantially that the principal defendant was a fraternal insurance body, doing business in this State, and of which he was the supreme treasurer, but that it had dissolved, and gone out of business; that he had control of

its funds, for which he had given bonds; that on the day of the issuing of the writ of garnishment he had control of the funds, amounting to about $4,000.

It appears that before the issuing of the writ of garnishment (the present one) a writ of garnishment had been issued in the same cause against the same party, and had been quashed by the court on motion of the garnishee, by reason of defective affidavit; that at the time the first writ of garnishment was served Mr. Houp had deposited in the bank that amount of money, but after the writ was quashed he transferred the fund on the books of the bank to the name of his . wife, where it stood at the time the second writ was served. Mr. Houp testified that this transfer was made to his wife by the direction of the supreme commander of the order; that the fund then held by the bank was the same as that deposited by him as treasurer of the order; and that, though it stood in the bank credited to his wife, it was the fund of the principal defendant. The defendant offered no testimony, and the testimony of Mr. Houp stood uncontradicted.

It was contended, however, by counsel for the garnishee, that, inasmuch as the affidavit did not charge the garnishee with being indebted to the principal defendant, no recovery could be had, as the fund held for Mrs. Houp could not be said to be the identical fund placed there by the treasurer of the principal defendant, and the affidavit did not count upon the relation of debtor and creditor between .the garnishee and the principal defendant. The trial court did not agree with counsel's position, and stated:

"The evidence shows in this case that just prior to the service of the writ of garnishment the Royal Adelphia had drawn out the money, or the treasurer, Mr. Frank Houp, had drawn out the money of the Royal Adelphia, which stood in his name as treasurer of the corporation,

and, to avoid the writ of garnishment, had put it in his wife's name, so that the credits on the books of the Third National Bank stood in the name of Mrs. Frank Houp, although the money which was deposited really belonged to the Royal Adelphia. Under those circumstances, I do not think that the bank could in any way be held as a debtor of the principal defendant. I do not think that the relation of debtor and creditor existed. The Royal Adelphia had virtually consented to this transfer of money, and this transfer of money was obviously fraudulent as to the plaintiff in this case. That being so, the bank must be considered, I think, to have had a deposit which belonged not to the depositor, but belonged to the principal defendant in this case."

In this, we think, the court was correct. As between the bank and Mrs. Houp, it is evident that the relation of debtor and creditor existed; but as to a creditor having the right to inquire into the transaction, and to show the fraudulent transfer, the relation of debtor and creditor had ceased to exist as between the bank and the garnishee defendant. After the transfer to Mrs. Houp upon the books of the bank, which is shown to be fraudulent, and made for the sole purpose of defeating the action of the creditor, the bank stood in the position of having under its custody and control credits belonging to the principal defendant.

It is undoubtedly well settled that in the case of all but special deposits the money deposited becomes the property of the banker, and he becomes a debtor to the depositor. It was upon this theory that this Court held, in *Botsford v. Simmons*, 32 Mich. 352, that where the affidavit of garnishment did not charge the indebtedness the fund could not be recovered, and that case, for this reason, is to be distinguished from the present.

In *Perley v. County of Muskegon*, 32 Mich. 132, it was held that the relation of the county treasurer with the bank in which he had deposited money was that of debtor and creditor, but that the county did not sustain

this relation with the bank; that the county could not sue the bank in an action for money had and received or in *assumpsit.*

In *Gibson v. Bank,* 98 N. Y. 87, it appears the action was brought to recover the amount of an alleged indebtedness to a railroad company upon a deposit account, which indebtedness plaintiffs claimed to have attached. The bank owed the company a balance upon its deposit account. At the request of the assistant treasurer of the railroad company, who had made the deposit, the bank certified a check of such treasurer, made payable to his order. This was April 27. The attachment was levied three days later. The assistant treasurer, being advised of the attachment, asked permission of the bank to open a deposit account in his own name, which was granted. He deposited the check with other checks belonging to the railroad company, which were made payable to his order as assistant treasurer, and which were indorsed by him as such, and with which the bank credited him in his individual account. It was held by the court that this showing justified a finding that defendant, when such deposit was made by the assistant treasurer, had reason to believe, and did believe, the deposit belonged to the railroad company, and was made by the assistant treasurer in his name to avoid expected attachments; that it was the duty of the defendant, on service of the attachment, to impound the fund in its hands, and for neglect of this duty it was liable.

In the present case it must be held:

1. That upon the books of the bank the relation of debtor and creditor existed between the bank and Mrs. Houp, and not between the bank and the Royal Adelphia.

2. That, relation of debtor and creditor not existing between the bank and the Royal Adelphia, and the bank having a credit under its control belonging to the prin-

cipal defendant, the affidavit for the writ of garnishment was sufficient in its allegations that the bank had property, money, goods, credits, and effects in its hands or under its control belonging to the principal defendant.

The court below was not in error in directing verdict and judgment for the plaintiff.

The judgment will be affirmed, with costs.

The other Justices concurred.