NATIONSBANC MORTGAGE CORPORATION OF GEORGIA v LUPTAK

Docket No. 212634. Submitted February 10, 2000, at Detroit. Decided December 12, 2000, at 9:10 A.M.

Nationsbanc Mortgage Corporation of Georgia brought an action in the Oakland Circuit Court against Jerry Luptak, Harold Beznos, Sheldon Korn, and others who were guarantors of a mortgage loan procured from the plaintiff by Beztak Homes, Inc., a Michigan corporation, for the development of a residential subdivision in Florida. The parties, except Sheldon Korn, entered into a settlement agreement with regard to a judgment the plaintiff obtained in Florida against the defendants following Beztak's default on the mortgage and foreclosure proceedings. The court, Gene Schnelz, J., entered a judgment against Sheldon Korn. The plaintiff held a creditor's examination of Sheldon Korn that revealed that, one week after the plaintiff had demanded full payment from Beztak Homes following its default, Sheldon Korn had formed the Korn Family Limited Partnership (KFLP) and transferred to the KFLP his interests in five real estate partnerships. The plaintiff served the KFLP with a writ of nonperiodic garnishment. The court, Steven N. Andrews, J., granted summary disposition in favor of the KFLP, the garnishee defendant, holding that the writ of garnishment did not provide adequate notice to the KFLP of the basis for the plaintiff's garnishment claim and that the plaintiff was not permitted to pursue a fraudulent conveyance claim under the Uniform Fraudulent Conveyance Act (UFCA), MCL 566.11 et seq.; MSA 26.881 et seq., within the context of the garnishment proceedings. The plaintiff appealed.

The Court of Appeals held:

1. The garnishment proceeding "complaint," as contemplated by MCR 3.101, is not required to contain specific information regarding the debts or property that are subject to the writ. The verified statement submitted by the plaintiff complies with MCR 2.111(B) by setting forth the pertinent information concerning the judgment against Sheldon Korn and the specific allegation that the KFLP possessed or controlled property belonging to Sheldon Korn. If and to the extent that MCR 3.101(D) and (M) conflict with MCR 2.111(B), which requires that a complaint contain a statement of the facts and the specific allegations necessary reasonably to inform the

adverse party of the nature of the claims against it, MCR 3.101, which specifically governs garnishment proceedings, prevails. The verified statement complied with the requirements of MCR 3.101(D). Summary disposition was not properly granted on the basis of a lack of notice.

2. The court properly held that the KFLP was not subject to liability under MCR 3.101(G)(1)(h) until the conveyance to it from Sheldon Korn had been declared void pursuant to the UFCA. The rule requires a previous judicial determination that the transfer at issue is indeed void. Summary disposition was appropriately granted on this basis.

Affirmed.

KELLY, J., dissenting in part, stated that the trial court's order granting summary disposition for the KFLP should be reversed and the matter should be remanded for a trial on the basis that the plaintiff is not required to file a separate action to void the fraudulent conveyance before seeking the writ of garnishment. The court rules clearly provide that disputes over the validity of a transfer affecting the garnishee's liability shall be tried in the garnishment proceeding.

1. GARNISHMENT — VERIFIED STATEMENTS — COMPLAINT — ANSWER.

The verified statement of a plaintiff in a garnishment action serves as the "complaint" against the garnishee defendant and the garnishee defendant's disclosure serves as the "answer"; the verified statement is not required to contain specific information regarding the debts or property that are subject to the writ, but must include allegations that a judgment has been entered against the defendant and remains unsatisfied, including the amount of the judgment and the amount remaining unpaid, and that the person signing the verified statement knows or has reason to know that a named person has control of property belonging to the defendant, a named person is indebted to the defendant, or a named person is obligated to make periodic payments to the defendant (MCR 3.101[D], [M]).

2. GARNISHMENT — UNIFORM FRAUDULENT CONVEYANCE ACT — VOID CONVEYANCES.

There must be a previous judicial determination that a conveyance to a garnishee defendant was void pursuant to the Uniform Fraudulent Conveyance Act to support a garnishment claim under MCR 3.101(G)(1)(h) that alleges that the conveyance violated the act and was void with regard to creditors at the time the writ of garnishment was served on the garnishee defendant (MCL 566.11 *et seq.*; MSA 26.881 *et seq.*).

*Butzel Long, PC* (by *Edward M. Kalinka* and *Michael F. Matheson*), for the plaintiff.

*Jacob & Weingarten* (by *Brian D. Figot*), for the Korn Family Limited Partnership.

Before: HOLBROOK, JR., P.J., and KELLY and COLLINS, JJ.

HOLBROOK, JR., P.J. Plaintiff in this garnishment action appeals as of right from the trial court's order granting summary disposition in favor of garnishee defendant the Korn Family Limited Partnership (KFLP) pursuant to MCR 2.116(C)(8). We affirm.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Sheldon Korn, the Luptak defendants, and the Beznos defendants[1] were guarantors of a mortgage loan procured from plaintiff by Beztak Homes, Inc., a Michigan corporation, for the development of a residential subdivision in Florida. Following Beztak's default on the mortgage loan, plaintiff instituted foreclosure proceedings in Florida. In 1992, a final judgment of foreclosure was entered against Beztak. Subsequently, plaintiff instituted proceedings against Sheldon Korn and the Luptak and Beznos defendants in the Circuit Court for Broward County, Florida, and obtained a judgment against them, jointly and severally, in the amount of $4,295,619.61.

In April 1993, plaintiff instituted proceedings in the Oakland Circuit Court, seeking to make the Florida judgment against the guarantors a domestic judgment.

---

[1] The Luptak and Beznos defendants and defendant Sheldon Korn are not participants in the instant appeal.

The Luptak and Beznos defendants later entered into a settlement agreement with plaintiff, and trial was held for the sole purpose of determining Sheldon Korn's liability. In March 1996, the trial court entered judgment against Sheldon Korn in the amount of $2,267,800.

Following entry of the judgment, plaintiff held a creditor's examination of Sheldon Korn. The creditor's examination revealed that, one week after plaintiff had demanded full payment from Beztak in 1991, Sheldon Korn had formed the KFLP and had transferred to the KFLP his interests in five real estate partnerships. Plaintiff immediately served the KFLP with a writ of nonperiodic garnishment. The KFLP denied that it was indebted to Sheldon Korn or that it possessed or controlled any property belonging to Sheldon Korn. The trial court subsequently entered an order granting the KFLP's motion for summary disposition, holding that (1) the writ of garnishment did not provide adequate notice to the KFLP of the basis for plaintiff's garnishment claim, and (2) plaintiff was not permitted to pursue a fraudulent conveyance claim under the Uniform Fraudulent Conveyance Act (UFCA), MCL 566.11 *et seq.*; MSA 26.881 *et seq.*, within the context of the garnishment proceedings.

## II. STANDARDS OF REVIEW

This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law. *UAW-GM Human Resource Center v KSL Recreation Corp*, 228 Mich App 486, 490; 579 NW2d 411 (1998). A motion under MCR 2.116(C)(8) tests the legal suffi-

ciency of a claim by the pleadings alone. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

> All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. [*Kuhn v Secretary of State*, 228 Mich App 319, 324; 579 NW2d 101 (1998) (citation omitted).]

Additionally, this appeal presents questions concerning the interpretation of court rules. "Interpretation of the court rules presents a question of law, which is reviewed de novo." *Waatti & Sons Electric Co v Dehko*, 230 Mich App 582, 586; 584 NW2d 372 (1998).

### III. WHETHER THE WRIT OF GARNISHMENT PROVIDED ADEQUATE NOTICE TO GARNISHEE DEFENDANT OF THE BASIS FOR PLAINTIFF'S GARNISHMENT CLAIM

Garnishment actions are authorized by statute. MCL 600.4011(1); MSA 27A.4011(1). The court may exercise its garnishment power only in accordance with the Michigan Court Rules. MCL 600.4011(2); MSA 27A.4011(2); *Waatti, supra* at 587; *Royal York of Plymouth Ass'n v Coldwell Banker Schweitzer Real Estate Services*, 201 Mich App 301, 305; 506 NW2d 279 (1993). MCR 3.101 governs postjudgment garnishment proceedings, and subrule 3.101(G)(1) delineates the various categories of items for which a garnishee is liable. Plaintiff argued below that the KFLP is liable pursuant to MCR 3.101(G)(1)(h), which provides that the garnishee is liable for

all tangible or intangible property of the defendant that, when the writ is served on the garnishee, the garnishee holds by conveyance, transfer, or title that is void as to creditors of the defendant, whether or not the defendant could maintain an action against the garnishee to recover the property . . . .

The trial court granted the KFLP's motion for summary disposition in part on the basis of its conclusion that the writ of garnishment served on the KFLP provided no notice of plaintiff's claim of fraudulent conveyance. The court reasoned, in part, that summary disposition was proper because plaintiff's writ neither indicates that the property at issue was transferred to the KFLP "by a void transaction" nor "state[s] the facts on which plaintiff relies and the allegations necessary to inform the limited partnership of the pleader's claims, MCR 2.111(B)(1)." We disagree.

MCR 3.101(M)(2) provides that the plaintiff's verified statement serves as the "complaint" against the garnishee defendant, that the garnishee defendant's disclosure serves as the answer, and that "[t]he garnishee's liability to the plaintiff shall be tried on the issues thus framed." MCR 3.101(D) specifically sets forth the allegations that must be included in the verified statement:

(1) that a judgment has been entered against the defendant and remains unsatisfied;

(2) the amount of the judgment and the amount remaining unpaid;

(3) that the person signing the verified statement knows or has good reason to believe that

(a) a named person has control of property belonging to the defendant,

(b) a named person is indebted to the defendant, or

(c) a named person is obligated to make periodic payments to the defendant.

Plaintiff's verified statement included each of the required allegations, including the statement that "the garnishee possesses or controls property belonging to the defendant."

The garnishment proceeding "complaint," as contemplated by MCR 3.101, is not required to contain specific information regarding the debts or property that are subject to the writ. MCR 2.111(B) generally requires that a complaint contain a "statement of the facts" and the "specific allegations necessary reasonably to inform the adverse party of the nature of the claims" against it. The verified statement submitted in the instant case complies with MCR 2.111(B) by setting forth the pertinent information concerning the judgment against Sheldon Korn and the specific allegation that the KFLP possessed or controlled property belonging to Sheldon Korn. This result makes particular sense in light of MCR 3.101(H)(1), which requires the garnishee defendant to file a disclosure "revealing the garnishee's liability to the defendant as specified in subrule (G)(1) . . . ."

Moreover, as a general rule of construction, when two statutes or provisions conflict and one is specific while the other is more general, the specific statute or provision prevails. *Haberl v Rose*, 225 Mich App 254, 261-262; 570 NW2d 664 (1997). Accordingly, if and to the extent that MCR 3.101(D) and (M) conflict with MCR 2.111(B), MCR 3.101, which specifically governs garnishment proceedings, prevails. See *LeDuff v Auto Club Ins Ass'n*, 212 Mich App 13, 17-18; 536 NW2d 812 (1995).

Therefore, because plaintiff complied with the requirements of the court rule, we conclude that summary disposition was not properly granted on the basis of a lack of notice.

### IV. WHETHER PLAINTIFF HAS PROPERLY STATED A FRAUDULENT CONVEYANCE CLAIM

The trial court also held that the KFLP was entitled to summary disposition because "a fraudulent conveyance is merely a voidable transaction and must be set aside using the proper procedure." The trial court noted that plaintiff's garnishment claim pursuant to MCR 3.101(G)(1)(h) was based on the UFCA,[2] and held that the KFLP was not subject to liability under MCR 3.101(G)(1)(h) until the conveyance to it from Sheldon Korn had been declared void pursuant to the UFCA. We agree.

MCR 3.101(G)(1)(h) clearly indicates that it applies only to conveyances that are *void* as to creditors at the time the writ is served on the garnishee defendant. Given the legal import attached to the term "void," and crediting the Supreme Court with full knowledge of such significance, we read the court rule as requiring a previous judicial determination that the transfer at issue is indeed void.

We also believe that such a reading is consistent with the requirements set forth in MCR 3.101(D) regarding the statement of claim made in a garnishment proceeding. Given the limited information that is required to be set forth in the verified statement,

---

[2] The UFCA has recently been repealed, MCL 566.43; MSA 26.895(13), and was replaced by the similar Uniform Fraudulent Transfer Act (UFTA), MCL 566.31 *et seq.*; MSA 26.895(1) *et seq.*, effective December 30, 1998. 1998 PA 434, § 13.

we believe that requiring a plaintiff to specifically allege the factual basis for a claim of fraudulent conveyance in a separate proceeding comports with due process guarantees. Without such specific pleadings, the garnishee's ability to resist a mistaken deprivation of property is severely compromised. This is especially so when the garnishee was not even a named party in the prior lawsuit and judgment from which the garnishment proceeding stems.[3]

In the instant case, the conveyance from Sheldon Korn to the KFLP had not been declared "void."[4] Accordingly, we conclude that summary disposition was appropriately granted.

Affirmed.

COLLINS, J., concurred.

KELLY, J. (*concurring in part and dissenting in part*). I agree with the majority that, under MCR 3.101, the writ of garnishment provided adequate notice of the nature of the proceedings to garnishee defendant, the Korn Family Limited Partnership (KFLP). Our Supreme Court held long ago that a writ of garnishment alleging that the garnishee has property, money, and so forth, in its hands or under its control belonging to the defendant is sufficient, and more detail regarding why the garnishee is liable is not required. *Connor v Third Nat'l Bank of Detroit,*

---

[3] We do believe, however, that if the parties so agreed, adjudication of a fraudulent conveyance claim could be disposed of in garnishment proceedings, assuming proper notice of the issues in controversy.

[4] We note that the UFTA refers to fraudulent transfers as being "voidable" under the act, see MCL 566.38(1), (2), (5), and (6); MSA 26.895(8)(1), (2), (5), and (6), and specifically provides a statute of limitations for "[a] *cause of action . . . under this act,*" MCL 566.39; MSA 26.895(9) (emphasis supplied).

90 Mich 328, 333-334; 51 NW 523 (1892). I disagree, however, that a transfer is not "void" until it is established to be so in a separate action brought under the Uniform Fraudulent Conveyances Act (UFCA), MCL 566.11 *et seq.*; MSA 26.881 *et seq.*

Defendant Sheldon Korn, and others, personally guaranteed a corporate loan. When the corporate debtor defaulted, plaintiff filed suit in Florida to collect on the personal guarantees. A judgment was entered in favor of plaintiff in 1992 in an amount in excess of $2 million. In 1993, plaintiff filed suit to enforce the judgment in Michigan and judgment was entered in favor of plaintiff in 1996. At a creditor's examination, it was learned that Sheldon Korn had transferred his interests in five real estate limited partnerships valued at over $2 million to the KFLP, which had been formed shortly after plaintiff issued its demand letter. The transfers left Sheldon Korn insolvent. On the basis of Sheldon Korn's testimony regarding consideration given for the transfers, plaintiff believed the transfers to be fraudulent.

The trial court reasoned that, because under the UFCA there are several ways to establish a conveyance to be fraudulent, the implication is that a conveyance is not fraudulent until established to be so under the UFCA. Thus, the court ruled, and the majority concurs, that plaintiff was required to file a separate action to void the fraudulent conveyance before seeking the writ of garnishment. I disagree.

In a garnishment proceeding, the affidavit acts as the plaintiff's complaint against the garnishee defendant and the garnishee's disclosure serves as the answer. MCR 3.101(M)(2). If there is a dispute regarding the garnishee defendant's liability, the issue shall

be tried in the same manner as other civil actions. MCR 3.101(M)(1). To aid in determining the garnishee defendant's liability, the plaintiff may offer the record of the garnishment proceeding and other evidence. The garnishee defendant may offer evidence not controverting the disclosure or, in the discretion of the court, may show errors or mistakes in the disclosure. MCR 3.101(M)(5). These rules clearly indicate that disputes over the validity of a transfer affecting the garnishee's liability shall be tried in the garnishment proceeding.

The court rules provide that a garnishee defendant is liable for the property of the principal defendant that it holds by conveyances or transfers of title that are "void as to creditors of the defendant . . . ." MCR 3.101(G)(1)(h). Several decisions have recognized the use of garnishment proceedings to reach fraudulently conveyed property of a debtor. See 10A Michigan Pleading & Practice (2d ed), Garnishment, § 75.27, pp 572-573, and cases cited therein. The issue in this case was whether the transfer was a bona fide transaction upon sufficient consideration and free from fraud. *Long v Evening News Ass'n*, 113 Mich 261; 71 NW 492 (1897); *Mihajlovski v Elfakir*, 135 Mich App 528, 534; 355 NW2d 264 (1984). The circuit court had to reach this issue in order to render a judgment in garnishment. I see no justification for requiring a separate action declaring a fraudulent conveyance void under the UFCA before a creditor may proceed against a garnishee defendant who holds property by way of such a transfer.

I would reverse and remand for trial on the issue of the KFLP's liability.