*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAWN CARTRETTE,

        Plaintiff-Appellant,

v

CITY OF MELVINDALE POST 6032 VETERANS
OF FOREIGN WARS OF THE UNITED STATES,

        Defendant,

and

DEPARTMENT OF MICHIGAN VETERANS OF
FOREIGN WARS OF THE UNITED STATES,
INC.,

        Garnishee Defendant-Appellee,

and

LYNN PATTERSON and GERALD GORSKI,

        Garnishee Defendants.

UNPUBLISHED
March 3, 2022

No. 355527
Wayne Circuit Court
LC No. 15-015368-NO

Before: K. F. KELLY, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Plaintiff, Dawn Cartrette, appeals as of right the trial court's order denying her motion to impose garnishee liability upon defendant, Department of Michigan Veterans of Foreign Wars of the United States, Inc. (the Department). We affirm.

## I. FACTS

This case involves plaintiff's attempt to garnish certain funds held by the Department to satisfy a default judgment she obtained against defendant, City of Melvindale Post 6032 Veterans of Foreign Wars of the United States (Post 6032). By way of background, the Veterans of Foreign

Wars of the United States (VFW) is a national organization of veterans whose members served overseas in the United States armed forces during wartime. 36 USC 230101. The defendant-garnishee Department is the Michigan chapter of the VFW; defendant Post 6032 was one of several VFW posts located in Michigan, chartered by and under the supervision of the Department. The Department and Post 6032 are distinct and separate nonprofit corporations.

On September 23, 2013, the Department placed Post 6032 on a 90-day suspension in light of Post 6032's ongoing delinquency in its audits and program reporting. On January 30, 2014, the Department recommended that Post 6032's charter be revoked. After an appeal process, Post 6032's charter was revoked and the Post was declared defunct on July 8, 2014. Under VFW bylaws, upon revocation of the Post's charter, title to all real and personal property of Post 6032 passed "immediately" to the Department. On December 27, 2016, the Department reportedly sold the building where Post 6032 had been located for approximately $69,000. The Department allegedly transferred the proceeds from the sale, together with other funds previously belonging to Post 6032, into the Department's bank account for a total amount of approximately $100,000.

Before Post 6032's charter was revoked on July 8, 2014, however, plaintiff allegedly was injured while working[1] at the Post. On November 14, 2013, while serving drinks at Post 6032, plaintiff allegedly fell and was injured. On January 2, 2014, plaintiff filed for workers compensation benefits. The benefits were denied, apparently because Post 6032 had not purchased workers compensation coverage for plaintiff.

On November 24, 2015, two years after her alleged injury and more than one year after Post 6032's charter was revoked by the Department, plaintiff filed a negligence action against Post 6032. When the Post did not respond to the complaint, plaintiff was permitted to use alternative service of posting and publication. On August 19, 2016, the trial court entered a default judgment in plaintiff's favor against Post 6032 in the amount of $275,000.

On December 14, 2018, plaintiff filed a writ of garnishment against the Department alleging that the Department held assets that belonged to Post 6032 and that the Department was obligated to pay the assets to plaintiff to satisfy the default judgment against the Post. The Department filed a garnishee disclosure denying that it possessed assets belonging to Post 6032. Plaintiff moved to impose garnishee liability upon the Department[2] by seeking a default judgment under MCR 3.101(S)(1)(a) and (b). At the direction of the trial court, each party submitted proposed findings of fact and conclusions of law. The trial court thereafter denied plaintiff's motion to impose garnishee liability upon the Department, and subsequently denied plaintiff's motion for reconsideration. Plaintiff now appeals.

---

[1] It was not established whether plaintiff was acting as an employee or as a volunteer at the time of her alleged injury.

[2] Plaintiff originally filed writs of garnishment against garnishee defendants, Gerald Gorski and Lynn Patterson, and moved to impose garnishee liability against those defendants. The parties later stipulated to dismissal of the claims against Gorski and Patterson and the substitution of the Department in their place.

## II. DISCUSSION

Plaintiff contends that the trial court erred by failing to order the Department to pay plaintiff the funds that previously belonged to Post 6032. Plaintiff argues that the transfer of assets from Post 6032 to the Department was voidable under the Michigan Uniform Voidable Transactions Act (MUVTA), MCL 566.31 *et seq.*, and that the Department therefore has garnishee liability to plaintiff, a judgment creditor of Post 6032. We disagree.

In Michigan, garnishment actions are authorized by statute. *Ladd v Motor City Plastics Co*, 303 Mich App 83, 97; 842 NW2d 388 (2013). After a party obtains a judgment, the party may employ garnishment as a means to satisfy the claim. *Premiere Prop Servs, Inc v Crater*, 333 Mich App 623, 632; 963 NW2d 430 (2020). The trial court is required to exercise its garnishment power in accordance with the Michigan Court Rules. MCL 600.4011(2); *Premier Prop Servs, Inc*, 333 Mich App at 632. We review de novo a trial court's interpretation and application of statutes and court rules. *Sandstone Creek Solar, LLC v Benton Twp*, 335 Mich App 683, 698, 712; 967 NW2d 890 (2021). We review the trial court's factual findings for clear error, which occurs if this Court is definitely and firmly convinced that the trial court made a mistake. *Speicher v Columbia Twp Bd of Election Comm'rs*, 299 Mich App 86, 94; 832 NW2d 392 (2012).

MCL 600.4011(1)(a) authorizes garnishment of:

(a) Personal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person if the third person is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state.

Post-judgment garnishment proceedings are governed by MCR 3.101. *Ladd*, 303 Mich App at 97. MCR 3.101(G) provides, in relevant part:

(1) Subject to the provisions of the garnishment statute and any setoff permitted by law or these rules, the garnishee is liable for

(a) all tangible or intangible property belonging to the defendant in the garnishee's possession or control when the writ is served on the garnishee, . . .

\* \* \*

(h) all tangible or intangible property of the defendant that, when the writ is served on the garnishee, the garnishee holds by conveyance, transfer, or title that is void as to creditors of the defendant, whether or not the defendant could maintain an action against the garnishee to recover the property; . . .

In *Nationsbanc Mtg Corp of Georgia v Luptak*, 243 Mich App 560, 567-568; 625 NW2d 385 (2000), this Court explained the proper application of MCR 3.101(G)(1)(h), stating:

MCR 3.101(G)(1)(h) clearly indicates that it applies only to conveyances that are *void* as to creditors at the time the writ is served on the garnishee defendant. Given the legal import attached to the term "void," and crediting the Supreme Court

with full knowledge of such significance, we read the court rule as requiring a previous judicial determination that the transfer at issue is indeed void.

We also believe that such a reading is consistent with the requirements set forth in MCR 3.101(D) regarding the statement of claim made in a garnishment proceeding. Given the limited information that is required to be set forth in the verified statement, we believe that requiring a plaintiff to specifically allege the factual basis for a claim of fraudulent conveyance in a separate proceeding comports with due process guarantees. Without such specific pleadings, the garnishee's ability to resist a mistaken deprivation of property is severely compromised. This is especially so when the garnishee was not even a named party in the prior lawsuit and judgment from which the garnishment proceeding stems.

Although plaintiff did not specifically allege fraud in her motion before the trial court, in her findings of fact and conclusions of law submitted to the trial court plaintiff suggested that the transfer of assets from Post 6032 to the Department was voidable under the MUVTA. Applying *Nationsbanc*, the trial court observed that before seeking a garnishment, plaintiff was obligated to obtain a judicial determination that the transfer of funds from Post 6032 to the Department was void. The trial court stated "[a]ssuming arguendo plaintiff is challenging the conveyance of Post 6032's property to the Department of State VFW upon losing its charter and subsequent dissolution, the appropriate procedure to challenge the conveyance was to file a complaint to declare the transfer of property voidable and/or to set aside the transfer, not file a writ of garnishment." We agree. It is undisputed plaintiff did not obtain a judgment declaring the transfer of the Post's assets to the Department void. Given the necessity of a judicial determination declaring the transfer void before the assets could be subject to garnishment, the trial court did not err in finding the assets at issue were not subject to garnishment under MCR 3.101(G). See *Nationsbanc*, 243 Mich App at 567-568.

On appeal, plaintiff challenges the reasoning of *Nationsbanc*, arguing that "the *Nationsbanc* approach overlooks the concluding language of sub-sections (h) and (i) of MCR 3.101(G)," thus disagreeing with this Court's interpretation and application of MCR 3.101(G)(1)(h) in that case. However, "[a] published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." MCR 7.215(C)(2). Thus, unless a decision from our Supreme Court holds to the contrary, we are bound to follow the prior published opinions of this Court.

Plaintiff also points to this Court's footnote in *Nationsbanc*, that "[w]e do believe, however, that if the parties so agreed, adjudication of a fraudulent conveyance claim could be disposed of in garnishment proceedings, assuming proper notice of the issues in controversy." *Nationsbanc*, 243 Mich App at 568 n 3. In this case, however, the parties did not agree to the adjudication of plaintiff's claim of fraudulent conveyance within the garnishment proceedings, and in fact, the Department consistently opposed plaintiff's efforts to impose garnishee liability against the Department.

Plaintiff further argues that even though she did not obtain a judgment against the Department, the Department nonetheless is subject to garnishee liability under MCR 3.101(M),

which permits a plaintiff to move for judgment against a garnishee defendant to the extent of the admissions in the garnishee defendant's disclosures. MCR 3.101(M) provides, in relevant part:

> (1) If there is a dispute regarding the garnishee's liability . . . the issue shall be tried in the same manner as other civil actions.
>
> (2) The verified statement acts as the plaintiff's complaint against the garnishee, and the disclosure serves as the answer. The facts stated in the disclosure must be accepted as true unless the plaintiff has served interrogatories or noticed a deposition within the time allowed by subrule (L)(1) . . . . Except as the facts stated in the verified statement are admitted by the disclosure, they are denied. . . .
>
> (3) Even if the amount of the garnishee's liability is disputed, the plaintiff may move for judgment against the garnishee to the extent of the admissions in the disclosure. The general motion practice rules govern notice (including notice to the garnishee and the defendant) and hearing on the motion.

In this case, after being served the writ of garnishment the Department filed its disclosures indicating "[t]he garnishee defendant is not indebted to the defendant and does not possess or control the defendant's property." The trial court held that the Department's garnishment disclosure truthfully stated that it was not indebted to Post 6032; rather, the property of Post 6032 reverted to the Department upon the revocation of Post 6032's charter. The trial court thus found that the Department was not liable to plaintiff as a garnishee defendant. Although under MCR 3.101(M)(3) a plaintiff may move for judgment against the garnishee to the extent of the admissions in the disclosure, the Department did not admit to any garnishee liability in the disclosures. Therefore, the trial court did not err in denying plaintiff's motion to impose liability under MCR 3.101(M).[3]

Affirmed.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Michael F. Gadola

---

[3] Plaintiff raises for the first time on appeal additional arguments that she was entitled to garnish the former Post 6032 assets held by the Department, including that the trial court should have permitted plaintiff to pierce the corporate veil and show that the Department and the Post were, in effect, a singular entity, and that common-law exceptions to corporate liability demonstrated plaintiff's entitlement to recover the assets. Plaintiff waived review of these arguments by failing to timely raise them in the trial court. See *Wells v State Farm Fire & Casualty Co*, ___ Mich ___, ___ n 6 (2022) (Docket No. 161911); slip op at 1 n 6. Moreover, as discussed, challenges to the validity of the transfer of the assets are relevant to an action seeking a judicial determination that the transfer of assets was void, but are misplaced in a garnishment action.