*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VELOCITY MRS FUND IV,

        Plaintiff-Appellee,

v

NEXTGEN PAIN ASSOCIATES &
REHABILITATION,

        Defendant,

and

AUTO-OWNERS INSURANCE COMPANY,

        Garnishee Defendant-Appellant.

FOR PUBLICATION
March 16, 2023
9:00 a.m.

No. 358712
Oakland Circuit Court
LC No. 2020-181857-CZ

Before: CAVANAGH, P.J., and SERVITTO and GARRETT, JJ.

GARRETT, J.

In this garnishment action, we must decide whether the Michigan Court Rules allow a garnishee defendant, such as Auto-Owners Insurance Company ("Auto-Owners"), to file an objection to a writ of garnishment. Auto-Owners did so in this case after plaintiff Velocity MRS Fund IV ("Velocity") served Auto-Owners with a writ of garnishment, seeking any funds owed by Auto-Owners to defendant Nextgen Pain Associates & Rehabilitation ("Nextgen"). Auto-Owners accompanied its objection with a motion to quash the writ. The trial court concluded that only a defendant, not a garnishee defendant, could file an objection to a writ of garnishment. Thus, the court dismissed Auto-Owner's objection and denied its motion to quash. Reading the court rules as a whole, we hold that a garnishee defendant is not permitted to file an objection. Accordingly, we affirm the trial court's decision.

## I. BACKGROUND

In 2019, Velocity, a self-described "investment firm that provides financing to healthcare providers," obtained a default judgment in Texas for more than three million dollars against

Nextgen. Velocity filed an affidavit and notice of entry of foreign judgment in Michigan, and then filed garnishment notices against nearly 100 Michigan entities, including Auto-Owners. Within 14 days of receiving the writ of garnishment, Auto-Owners filed a disclosure. Auto-Owners stated that it was not indebted to Nextgen for any amount, that it did not possess any of Nextgen's property, and that it would move to quash the writ.

Soon after, Auto-Owners filed an objection to the writ. In the objection, Auto-Owners requested a hearing because (1) the funds or property were exempt from garnishment by law, and (2) the writ was not properly issued or was otherwise invalid for reasons provided in an accompanying motion to quash. In the contemporaneously filed motion, Auto-Owners argued that the writ concerned amounts owed that were barred by the no-fault act's one-year-back rule, MCL 500.3145(1). Auto-Owners also argued that benefits paid by a casualty insurance company because of injury to the insured person were statutorily exempt from garnishment. Finally, Auto-Owners contended that Velocity lacked standing to recover no-fault benefits from Auto-Owners. In relevant part, Velocity responded that Auto-Owners' objection was invalid because the court rules only permitted a defendant, not a garnishee defendant, to file an objection. The trial court agreed with Velocity, concluding that "the defendant—not the garnishee defendant—must file the objections to the writ." The trial court consequently denied Auto-Owner's motion to quash the writ and dismissed its objection.

Auto-Owners now appeals by delayed leave granted.[1]

## II. STANDARD OF REVIEW

We review a trial court's decision whether to quash a writ of garnishment for an abuse of discretion. *Sys Soft Technologies, LLC v Artemis Technologies, Inc*, 301 Mich App 642, 650; 837 NW2d 449 (2013). An abuse of discretion occurs when a trial court's ruling falls outside the range of reasonable and principled outcomes. *Id*. But the proper interpretation and application of court rules, including whether these rules permit a garnishee defendant to file an objection, presents a question of law that we review de novo. *Wolfenbarger v Wright*, 336 Mich App 1, 28; 969 NW2d 518 (2021). De novo review means that we review the legal issue independently, giving "respectful consideration, but no deference" to the trial court's conclusion. *Wasik v Auto Club Ins Assoc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355848); slip op at 2.

## III. OBJECTIONS IN GARNISHMENT PROCEEDINGS

Auto-Owners argues that the trial court erred when it ruled that the court rules do not permit a garnishee defendant to file an objection to a writ of garnishment. No published caselaw has addressed this issue.

Although garnishment actions are authorized by statute, MCR 3.101 governs postjudgment garnishment proceedings. *Nationsbanc Mtg Corp of Georgia v Luptak*, 243 Mich App 560, 564; 625 NW2d 385 (2000). "The court may exercise its garnishment power only in accordance with

---

[1] *Velocity MRS Fund IV v Nextgen Pain Assoc & Rehab*, unpublished order of the Court of Appeals, entered March 10, 2022 (Docket No. 358712).

-2-

the Michigan Court Rules." *Id*. When interpreting the court rules, we apply the same principles that govern statutory interpretation. *Lech v Huntmore Estates Condo Ass'n (On Remand)*, 315 Mich App 288, 290; 890 NW2d 378 (2016). Court rules should be interpreted to discern and give effect to the intent of the drafter, the Michigan Supreme Court. *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007). We determine this intent by examining the rules themselves and their place within the structure of the Michigan Court Rules as a whole. *Lech*, 315 Mich App at 290. We give the words contained in the rules their plain and ordinary meaning. *Id*. If the plain and ordinary meaning of the language is clear and unambiguous, then we enforce the language as written. *Fleet Business Credit*, 274 Mich App at 591. But if reasonable minds could differ regarding the meaning of a court rule, then judicial construction is appropriate. *Id*. While judicial interpretation generally requires us to apply various principles of statutory interpretation, we should also "use common sense" to reach a reasonable construction that best achieves the court rule's purpose. See *Adams Outdoor Advertising, Inc v Charter Twp of Canton*, 269 Mich App 365, 370-371; 711 NW2d 391 (2006).

Throughout MCR 3.101, "plaintiff" refers to the judgment creditor, "defendant" refers to the judgment debtor, and "garnishee" refers to the garnishee defendant.[2] MCR 3.101(A)(1) to (3). Velocity and Auto-Owners disagree whether Auto-Owners, as garnishee, could file an objection to the writ of garnishment, but the parties do not dispute that a defendant may object. MCR 3.101(E)(5) provides that the writ must inform the defendant of certain actions that may occur "unless the defendant files objections within 14 days after the service of the writ on the defendant . . . ." Unlike this provision, MCR 3.101(E)(3) sets forth the instructions that the writ must give to the garnishee, but makes no mention of the garnishee filing an objection. Rather, "[t]he writ shall direct the garnishee to . . . file with the court clerk a verified disclosure indicating the garnishee's liability . . . ." MCR 3.101(E)(3)(b).

Regarding objections, MCR 3.101(K) governs that procedure:

> (1) Objections shall be filed with the court within 14 days of the date of service of the writ on the *defendant* or within 14 days of the date of the most recent statement sent to the *defendant* pursuant to MCL 600.4012(5)(a). Objections may be filed after the time provided in this subrule but do not suspend payment pursuant to subrule (J) unless ordered by the court. Objections may only be based on defects in or the invalidity of the garnishment proceeding itself or the balance provided on the statement sent pursuant to MCL 600.4012(5)(a), and may not be used to challenge the validity of the judgment previously entered. [Emphasis added.]

MCR 3.101(K)(1) does not specify who may file an objection with the court. Its use of passive voice—"Objections shall be filed"—requires us to determine whether the drafters of the court rules intended to permit a garnishee to file on objection. Although MCR 3.101(K)(1) does not identify the objecting party, additional language within that subrule and other provisions gives context to the drafter's intent that the defendant is the only party who may file an objection. First, the time limits for filing an objection refer to the date of service of the writ on the *defendant*, or the date of the most recent statement sent to the *defendant*. MCR 3.101(K)(1). We do not believe the drafters

---

[2] In our discussion of the court rules, we also use garnishee to refer to the garnishee defendant.

intended to use the date of service on the *defendant* as the point of reference for the timeliness of an objection by a *garnishee*. In other contexts, the garnishee's obligations are measured from service of the writ on the garnishee. For instance, the garnishee must file its verified disclosure within 14 days after service of the writ by the plaintiff. MCR 3.101(E)(2) and (3)(b). Thus, using service on the defendant as the trigger for time limits on the filing of objections suggests that only defendants—and not garnishees—may file an objection.

Second, the court rules enumerate particular grounds on which an objection must be based. MCR 3.101(K)(2). The court rules also expressly preclude one type of objection—objections "may not be used to challenge the validity of the judgment previously entered." MCR 3.101(K)(1). In a garnishment proceeding, the previously entered judgment refers to the judgment obtained by the plaintiff-creditor against the defendant-debtor. In this case, that would be the default judgment obtained in Texas by Velocity against Nextgen. Auto-Owners would have no basis to challenge the validity of the Texas judgment, as Auto-Owners was not a party to those proceedings. Instead, MCR 3.101(K)(1) contemplates the objections of a defendant—a party who might otherwise attempt to challenge the validity of the underlying judgment had the court rules not prohibited that. Similarly, MCR 3.101(J) provides: "After 28 days from the date of the service of the writ on the garnishee, the garnishee shall transmit all withheld funds to the plaintiff, plaintiff's attorney, or the court as directed by the court pursuant to subrule (E)(3)(e) *unless notified that objections have been filed*." (Emphasis added.) Notifying a garnishee of its own objection would be redundant, perplexing, and contrary to common sense. See *Adams Outdoor Advertising, Inc*, 269 Mich App at 371. Under a plain reading of the rule, MCR 3.101(J), as with other subrules, supports the interpretation that only defendants may file objections.

Amicus curiae Auto Club Group argues that the rules should be interpreted as allowing for a garnishee to file an objection because of an amendment to the court rule. Auto Club notes that MCR 3.101(K)(1) formerly stated in relevant part: "The *principal defendant* may object to the garnishment or move to dissolve it at any time." Former MCR 3.101(K)(1), as effective March 1, 1985 (emphasis added).[3] But as noted, the rule's current form begins with "[o]bjections shall be filed with the court . . . ." MCR 3.101(K)(1). Auto Club contends that removal of "[t]he principal defendant" shows the Supreme Court's intention not to limit the filing of objections to defendants. While this change highlighted by Auto Club may appear persuasive in isolation, another amendment made at the same time *removed* language about an objection by a garnishee. The former court rules provided:

> (3) Except as to a garnishment of earnings, the garnishment is dissolved 182 days after the disclosure was filed and the garnishee defendant may deliver the property or pay the obligation to the principal defendant without liability to the plaintiff, unless:

> \* \* \*

---

[3] At that time, MCR 3.101 used "principal defendant" to refer to the judgment debtor. Former MCR 3.101(A). The amendments changed "principal defendant" to "defendant." See MCR 3.101(A)(2).

(e) *there is pending an objection to the garnishment by the garnishee defendant* or the principal defendant . . . . [Former MCR 3.101(K)(3)(e) (emphasis added).]

Thus, the court rules previously included express language recognizing that a garnishee could raise an objection. No such language exists anymore, having been removed by the amendments to MCR 3.101. Instead, the only current reference to an objection by a particular party is the language "unless the defendant files objections . . . ." MCR 3.101(E)(5). As a result, we are unpersuaded by Auto Club's contention that removal of "[t]he principal defendant" in MCR 3.101(K)(1) reveals the Supreme Court's intent to permit objections by defendants and garnishees. Although the language of the subrule has changed over time, viewing MCR 3.101 as a whole establishes that a defendant is the only one who can file an objection.

We find additional support for this interpretation from the provisions providing an alternative mechanism for a garnishee to contest the writ of garnishment. As noted earlier, a garnishee must file a "verified disclosure indicating the garnishee's liability" within 14 days after receiving service of the writ. MCR 3.101(E)(3)(b). In this case, the writ was one for periodic garnishment. In its disclosure, a garnishee must state if it is "not obligated to make periodic payments to the defendant." MCR 3.101(H)(2)(a). The disclosure "serves as the answer" to the verified statement filed by the plaintiff in support of the writ, which "acts as the plaintiff's complaint against the garnishee." MCR 3.101(M)(2). A "general denial of liability [in its disclosure] is sufficient to preserve a garnishee defendant's right to litigate its liability." *LeDuff v Auto Club Ins Ass'n*, 212 Mich App 13, 18; 536 NW2d 812 (1995). The plaintiff may serve interrogatories on the garnishee or may notice the deposition of the garnishee. MCR 3.101(L)(1). Taken together, "[i]f there is a dispute regarding the garnishee's liability or if another person claims an interest in the garnishee's property or obligation, *the issue shall be tried in the same manner as other civil actions*." MCR 3.101(M)(1) (emphasis added). Thus, the court rules expressly contemplate a mechanism for garnishees to contest liability that has the hallmarks of any other civil action.

In its brief on appeal, Auto-Owners claims: "It is nonsensical to expect, and at times compel, a garnishee to participate in full court proceedings without permitting the garnishee to file an objection and challenge the basis of the action it has been compelled to participate in." But as we have explained, the court rules give Auto-Owners ample means to challenge the garnishment proceeding. While an objection is not the proper mechanism, Auto-Owners retains the ability to defend itself. Auto-Owners understands this fact. The company contested liability in its original disclosure, writing that it was "not obligated to pay" Nextgen and "not indebted to" Nextgen. Because any dispute over Auto-Owners' liability is tried just like other civil actions, Auto-Owners could, for instance, move for summary disposition on the grounds it raised in its objection and accompanying motion to quash. See, e.g., *Nationsbanc Mtg Corp*, 243 Mich App at 562 (affirming trial court's order granting summary disposition in favor of garnishee defendant); *LeDuff*, 212 Mich App at 14 (same).

In sum, we hold that a garnishee defendant is not permitted to file an objection to a writ of garnishment under the Michigan Court Rules. Because Auto-Owners had no right to object to the writ, the arguments raised in its accompanying motion to quash were not properly before the trial court. Accordingly, the court did not err by denying the motion to quash. We express no opinion

on the merits of Auto-Owner's arguments made in the objection and motion to quash and whether Auto-Owners is entitled to relief should it properly make those arguments below.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Mark J. Cavanagh